PER CURIAM.
We have for review a referee’s report on complaint of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.; R.Reg.Fla.Bar 3-7.7(c). We approve the report.
After making specific findings of fact in case number 77,812, the referee summarized his findings and recommendation as to guilt:
Summarizing the evidence in this case involving the client Peoples, it is completely clear that the Respondent entered into a contract for legal services in which he stated that in the matter of “insurance claim” he was to receive 33% of whatever may be recovered from said claim whether by suit, settlement, or any other manner and the additional terms were that he was “not to exceed $1,000.00 in fees, unless a law suit is filed and a recovery is accomplished.”
It is equally clear that the client was charged not $1,000.00, but $2,000.00_
The Referee finds the Respondent guilty of violating Rule 4-1.1 because he failed to provide competent representation to his client, Peoples; and further finds that Respondent is guilty of violating Rule 4-1.5(D) by reason of his having charged the client, Peoples, in excess of the fees provided by the Contract which he, the Respondent, had prepared and which is viewed in the light most favorable to the client, Peoples.
In case number 78,064, the referee found that Doltie contracted to represent a client, Skipper, who was in the process of appealing a decision of an unemployment compensation claims examiner, and then failed to attend the final hearing, wherein it was determined she was not entitled to benefits:
*1159 The evidence at the hearing before the Referee is in sharp conflict as to whether or not Respondent knew of this November 10, 1988, hearing. The Respondent never admitted that he did know. The Client was unshakeable in her testimony that he did know; that she and he discussed whether it was necessary that she attend; that he said there was no need for her to go because she was, according to her characterization of his words, “in victory lane” with the City and would not be penalized for not going because of his being her counsel.
[[Image here]]
[For aforementioned reasons] the evidence is clear and compelling to the conclusion that the Respondent failed to act with reasonable diligence and promptness in representing his client in violation of Rule 4-1.3; that he failed to keep her reasonably informed about the status of her matter in violation of Rule 4-1.4(a); and further failed to explain her matter to the extent reasonably necessary to permit her to make informed decisions regarding his representation in violation of Rule 4-1.4(b).
After making his findings of fact and recommendations as to guilt, the referee made the following recommendation as to discipline:
After finding of guilty as stated here-inabove and prior to recommending discipline to be recommended pursuant to Rule 3-7.6(k)(l)(4), I considered the following personal history and disciplinary record of the Respondent, to-wit: Respondent admitted having been given private reprimands by the Supreme Court in 1985, again in 1987 and a public reprimand April 23, 1991.
The undersigned Referee recommends that the Respondent be suspended for a fixed period of one (1) month followed by a period of one (1) year probationary period during which Respondent shall take all steps necessary to successfully pass the Ethics Section of the Florida Bar Examination and, additionally take all steps necessary to attend and successfully complete the “Bridge the Gap” seminar provided for applicants for admission to The Florida Bar.
Doltie disagrees with the referee’s findings of fact and recommendations as to guilt and discipline. The Bar concurs fully in the report.
Upon review of the record, we conclude that the referee’s findings of fact and recommendations as to guilt are supported by competent substantial evidence. We find the recommended disciplinary measures appropriate, particularly in view of Doltie’s past disciplinary record. Accordingly, we hereby suspend Curley R. Doltie from the practice of law for thirty days, to begin thirty days from the filing of this opinion. This suspension is to be followed by one year’s probation, during which time: Dol-tie’s files will be subject to inspection at any time by The Florida Bar; Doltie must take and pass the ethics portion of Florida Bar Exam; and Doltie must attend and successfully complete The Bar’s “Bridge the Gap” program. Judgment for costs in the amount of $1,470.32 is entered for The Florida Bar against Curley R. Doltie, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.