659 So.2d 412 (1995)
Elisa FERNANDES, Appellant,
v.
Donna BOISVERT, n/k/a Donna Loving, Alan Boisvert, Teresa Boisvert, Donald Hough, II, Andrew Boisvert, Estate of Mary Hensberry, and Margaret Loving, Appellees.
No. 93-04000.
District Court of Appeal of Florida, Second District.
August 4, 1995.
Rehearings Denied September 1, 1995.
David Solomon, Clearwater, for appellant.
Kathryn Marie Welsh, Clearwater, for appellee Donna Boisvert.
No appearance for remaining appellees.
PATTERSON, Judge.
Elisa Fernandes appeals from a final summary judgment rendered in favor of the appellees. We reverse.
In January 1993, Fernandes' attorney filed on Fernandes' behalf a complaint for personal injuries in the Hillsborough County Circuit Court.[1] The complaint asserted that while Fernandes was an invitee of the appellees' residential property in Pinellas County[2] she was severely beaten by her former boyfriend, Tod Loving. The complaint contended that the appellees failed to warn Fernandes of Loving's unstable emotional condition and failed to intervene or otherwise assist Fernandes during the beating. Appellee Donna Boisvert answered, asserting defenses of improper *413 venue, failure to state a cause of action,[3] and the running of the statute of limitations.
Boisvert served a motion for summary judgment[4] supported by an affidavit in proper form which asserted that she had no knowledge of Tod Loving's emotional condition and was not aware of the incident until after it had occurred. In response, Fernandes' attorney filed an ambiguous writing entitled "Notice of Filing" to which he attached an affidavit of a "security consultant" relating to the duty of care of a landowner and a two-paragraph statement handwritten by Fernandes which was taped to a piece of paper and notarized. The statement related to Fernandes' residence on the date of the incident. Although bearing the seal and signature of a notary public, the writing bears no resemblance to an affidavit. Fernandes' attorney did not file or serve an affidavit pursuant to Florida Rule of Civil Procedure 1.510 seeking additional time to obtain an affidavit from Fernandes or move for a continuance of the hearing on the motion. Confronted with the disarray of Fernandes' "pleadings," the trial court understandably granted summary judgment in Boisvert's favor.
Fernandes' attorney then filed a vague and rambling "Request for Reconsideration" which the trial court graciously treated as a motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530. In support of this "motion," the attorney then filed an affidavit by Fernandes which controverted Boisvert's affidavit. If this affidavit had been filed and served pursuant to rule 1.510 prior to the hearing on Boisvert's motion for summary judgment, it would have raised an issue of material fact precluding summary judgment. Upon rehearing, the trial court declined to consider this affidavit and denied the motion.
We are thus confronted with the question of whether the trial court abused its discretion in refusing to rescue Fernandes from the apparent incompetence of her lawyer.[5] We recognize the broad discretion of the trial court in matters of this kind. While we do not know the underlying reasons which compelled the attorney to pursue this matter in the way he did, it is apparent to us that something has gone awry. Therefore, in light of the unique circumstances presented here, we determine that the trial court abused its discretion in refusing to consider Fernandes' affidavit on rehearing. See Coastal States Mortgage Corp. v. Commonwealth Sav. & Loan Ass'n, 497 So.2d 917 (Fla. 3d DCA 1986); Wiskeman v. First Bank of Hollywood Beach, 405 So.2d 1044 (Fla. 3d DCA 1981); see also Tooke v. Downing, 564 So.2d 250 (Fla. 1st DCA 1990). Accordingly, we vacate the final judgment and remand this case for disposition on the merits.
Reversed and remanded.
PARKER, A.C.J., and QUINCE, J., concur.
NOTES
[1] This one-page single-spaced pleading, although marginally stating a cause of action, failed to contain allegations of special damages as required by Florida Rule of Civil Procedure 1.120(g).
[2] The record reflects that Hillsborough County is not a proper venue. The appellees challenged venue by motion, but did not pursue the motion to a hearing.
[3] There was no hearing on these defenses as is permitted by Florida Rule of Civil Procedure 1.140(d).
[4] Although the record is incomplete, it appears that none of the other defendants appearing in the style of the case were served or made an appearance.
[5] We have had the opportunity to observe Fernandes' attorney, who has been a member of the Florida Bar since 1983, in the oral argument of this case and do not question his sincerity in attempting to represent his client. This court, however, has imposed sanctions against this attorney in the form of required completion of ten hours of CLE credit in appellate practice for his repeated violation of the appellate rules. See Keene v. Nudera, 20 Fla. L. Weekly D1232, ___ So.2d ___ (Fla. 2d DCA May 19, 1995). We know of no CLE program which would address the errors of the fundamentals of pleading and procedure that appear here.