711 So.2d 1141 (1998)
THE FLORIDA BAR, Complainant,
v.
David Lawrence SOLOMON, Respondent.
Nos. 86914, 87667 and 88762.
Supreme Court of Florida.
February 26, 1998.
Rehearing Denied June 11, 1998.
*1142 John F. Harkness, Jr., Executive Director and John A. Boggs, Staff Counsel, Tallahassee; and Joseph A. Corsmeier, Assistant Staff Counsel, Tampa, for Complainant.
Donald A. Smith, Jr. of Smith & Tozian, Tampa; and Richard Greenberg, Tallahassee; and David L. Solomon, Clearwater, for Respondent.
PER CURIAM.
David Lawrence Solomon petitions this Court for review of the referee's findings and recommendations in these three consolidated Florida Bar disciplinary proceedings. The Florida Bar cross-petitions for review. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the referee's findings and recommendations as to guilt, but modify the referee's recommendations as to discipline to include a requirement that Solomon take and pass Parts A and B of the Florida Bar Examination prior to reinstatement and exclude a requirement that Solomon obtain the assistance of co-counsel during the term of his probation.
The Bar filed three complaints against Solomon alleging various violations of rule 4-1.1 (competent representation) and rule 4-1.3 (reasonable diligence and promptness) of the Rules Regulating the Florida Bar. Hillsborough County Judge Donald F. Castor was *1143 appointed referee and the cases were consolidated.

FINDINGS OF FACT
In pertinent part, the referee's findings of fact in two separate disciplinary proceedings were as follows.

Case No. 86,914
This case contains four separate counts. Count I involves Solomon's representation of Clyde and Cynthia Poole against C.F. Industries, Inc. Following a hung jury in the first trial, Solomon made numerous legal errors at the second trial that resulted in a directed verdict for the defendant. Solomon appealed the directed verdict and the Second District Court of Appeal reversed.[1]
On remand, Solomon filed a petition for certiorari claiming that he did not receive thirty days' written notice of the scheduling of the date of the third trial. Solomon failed to pay the filing fee or submit an affidavit of insolvency and the petition was dismissed. Prior to trial, nonbinding arbitration was ordered by the judge. The arbitrators found the defendant liable for damages, but the Pooles refused the award. In contravention of section 44.103(5), Florida Statutes (1993), Solomon filed a request with the trial judge to adopt the arbitrators' finding of liability. The request was denied, and the subsequent jury trial resulted in a verdict for the defendant.
Solomon's appeal of the verdict was initially dismissed after he failed to timely submit the initial brief. The district court's order of dismissal admonished Solomon for repeatedly ignoring the requirements of the Florida Rules of Appellate Procedure. The district court subsequently reinstated the appeal to avoid prejudice to Solomon's clients.
Solomon testified before the referee that the Poole case was his first jury trial, and that he had consulted with other attorneys and diligently researched the issues in preparation for trial. Solomon also testified that the hung jury in the first trial caused him to believe that his clients could ultimately prevail. Clyde Poole testified that he believed he was fortunate to have Solomon represent him.
Count II involves Solomon's representation of three women as personal representatives of their deceased children against the Florida Department of Transportation. A summary judgment was entered in favor of the department. Solomon appealed and the district court affirmed the summary judgment. The Florida Bar argued before the referee that Solomon repeatedly misrepresented the facts in the record on appeal.
Count III involves Solomon's representation of an alleged stabbing victim. Solomon filed the complaint in Hillsborough County, but the trial judge transferred venue to Duval County. Solomon filed a notice of appeal of the trial court's venue order on December 1, 1991. Delays in the appeal were caused by Solomon's failure to timely remit the filing fee or an affidavit of insolvency. Moreover, in response to Solomon's irregularly captioned motions, the district court granted extensions to file the initial brief and reply brief. The reply brief was finally filed on September 8, 1992. Despite the delays, the district court "reluctantly" overturned the trial court's order and remanded the matter for further proceedings on the venue question. Breen v. Huntley Jiffy Stores, 610 So.2d 29, 30 (Fla. 2d DCA 1992). On April 17, 1993, the trial court rendered a second order transferring venue to Duval County. On July 7, 1994, Solomon appeal the second venue order. For the second time in the same case, Solomon failed to remit a filing fee or file an affidavit of insolvency. The district court warned Solomon that failure to timely remit the fee or file proof of insolvency would result in a dismissal. Solomon opted to ignore the court's warning and filed a motion for extension of time to pay the filing fee and submit his initial brief. The district court dismissed the appeal, thus finally resolving the venue question, on August 16, 1994.
Count IV involves Solomon's appeal of an adverse ruling by the Florida Unemployment *1144 Appeals Commission. The Bar alleged that Solomon presented erroneous arguments on appeal regarding the holding of a cited case.
As to count V, Solomon filed an appeal on behalf of a plaintiff without paying the filing fee or submitting an affidavit of insolvency. Solomon's request for an extension to submit the fee or affidavit was denied and the appeal was dismissed. Upon the untimely payment of the fee, the appeal was reinstated. Solomon's subsequent motion for an extension of time to file the initial brief was denied.
As to count VI, Solomon appealed a trial court's ruling denying the subsequent administration of an estate. The district court affirmed the ruling of the trial court and remanded the matter. The trial court granted the defendant's motion to enforce the appellate mandate and denied Solomon's motion for rehearing. Solomon then appealed the trial court's order enforcing the mandate. The appellee sought sanctions against Solomon for filing a frivolous appeal, and Solomon voluntarily dismissed the appeal.

Case No. 87,667
Solomon represented the plaintiff in a personal injury action stemming from an automobile accident. In response to the defendant's discovery requests, Solomon sought a protective order to limit the disclosure of his client's medical history. The trial court admonished all counsel to refrain from disclosing without court order any information regarding the plaintiff's emotional or physical condition unrelated to the injuries sustained in the accident.
In response to the order, Solomon filed an oddly captioned petition for writ of certiorari that referred to psychotherapy received by his client for abuse as a child. Solomon failed to pay the filing fee or submit proof of insolvency with the petition. After being warned that the petition was subject to dismissal, Solomon sought an extension of time to prove his client's insolvency. In response to Solomon's request, the district court ordered him to appear and show cause why he should not be sanctioned for his repeated failure to pay filing fees or submit insolvency affidavits.[2] In response to the show cause order, Solomon filed a document resembling an affidavit that was intended to demonstrate his client's insolvency. Of this document, and Solomon's actions in general, the district court wrote: "It is apparent from Mr. Solomon's presentation at the hearing on the order to show cause that he is not willfully disobeying our orders, but he does not understand the basic procedures for establishing indigency status in an appellate proceeding." Keene, 661 So.2d at 43. Following the show cause hearing, the district court ordered Solomon to complete at least ten hours of continuing legal education in appellate procedure.
The district court ultimately dismissed the petition for certiorari, finding the "affidavit" of insolvency to be insufficient. Evidently, the document contained no formal oath and was not in the standard language of an affidavit. Undeterred, Solomon petitioned this Court to review the decision of the district court. This Court denied the petition and also denied Solomon's motion for reinstatement of the petition.
Judge Altenbernd of the Second District Court of Appeal testified before the referee that he was not aware of any other attorney who had repeatedly failed to remit filing fees or proof of insolvency with their appeals. Judge Altenbernd also testified that the Second District generally reinstated Solomon's appeals solely to avoid prejudice to his clients.

Case No. 88,762
Solomon represented Elisa Fernandes in a personal injury action against the owners of the property upon which Fernandes was beaten. Solomon testified before the referee that because he only had a few hours to prepare and file the complaint prior to the running of the statute of limitations, he filed the suit in the wrong county for his own convenience. Furthermore, only one of the defendants was served. The defendant filed a motion to transfer venue and a motion for summary judgment. In response to the motions, *1145 Solomon filed a document, apparently intended as an affidavit, entitled "Notice of Filing," to which he attached a two-paragraph statement handwritten by Fernandes regarding her residence at the time of the battery. This statement was notarized and taped to a piece of paper. A cured affidavit was eventually filed. However, the judge found the affidavit insufficient and granted the summary judgment.
Solomon appealed the summary judgment. The district court framed its perception of the appeal as follows:
We are thus confronted with the question of whether the trial court abused its discretion in refusing to rescue Fernandes from the apparent incompetence of her lawyer. We recognize the broad discretion of the trial court in matters of this kind. While we do not know the underlying reasons which compelled [Solomon] to pursue this matter in the way that he did, it is apparent to us that something has gone awry.
Fernandes v. Boisvert, 659 So.2d 412, 413 (Fla. 2d DCA 1995)(footnote omitted).[3] The district court set aside the summary judgment but noted that Solomon's pleadings were in such disarray that the trial judge's grant of summary judgment was understandable. The district court also noted that Solomon's pleading marginally stated a cause of action and failed to allege special damages as required under Florida Rule of Civil Procedure 1.120(g).
Despite the court's warning, Solomon chose not to amend the complaint to include an allegation of special damages. Solomon claimed he did not amend the complaint because he did not want to afford the defendant an opportunity to amend its affirmative defenses. However, the defendant had already so moved.

RECOMMENDATIONS REGARDING GUILT AND DISCIPLINE
The referee recommended that Solomon be found not guilty of violating rules 4-1.1 and 4-1.3 with respect to counts I, II, IV, V, and VI of case No. 86,914. However, the referee recommended that Solomon be found guilty of violating rules 4-1.1 and 4-1.3 with regard to count III. In addition, the referee recommended that Solomon be found guilty of violating rule 4-1.1 with respect to case No. 87,667 and case No. 88,762. The referee then recommended that Solomon be suspended for ninety-one days and thereafter until reinstated and that he be ordered to pay the costs incurred by the Bar. The referee also recommended that upon Solomon's reinstatement, Solomon be placed on probation for two years subject to certain terms and conditions. In making his recommendation, the referee considered the following factors in aggravation: multiple offenses; pattern of misconduct; and refusal to acknowledge wrongful nature of conduct. We note that the referee found an absence of dishonest or selfish motive in mitigation. The referee also considered that Solomon was admitted to the Bar in 1983 and had received a private reprimand in 1990.

ANALYSIS AS TO GUILT
Solomon raises a total of eight issues. After reviewing the record, we conclude that five of these issues are without merit and do not warrant discussion.[4] In the first of the issues we do address, Solomon contends that the referee violated his due process rights by recommending that he be found guilty of specific instances of misconduct that were not charged in the Bar's complaint. We disagree. This Court has repeatedly recognized *1146 that the referee's report may include evidence of unethical conduct "not squarely within the scope of the Bar's accusations" when "it is relevant to the question of the respondent's fitness to practice law and thus relevant to the discipline to be imposed." Florida Bar v. Stillman, 401 So.2d 1306, 1307 (Fla.1981); Florida Bar v. Nowacki, 697 So.2d 828 (Fla.1997) (referee's recommendation as to guilt is valid despite Bar complaint not specifically charging respondent with underlying instances of misconduct). The referee's report issued in this case references conduct that was clearly within the scope of the Bar's accusations. We find that Solomon was properly and adequately notified of the nature and extent of the charges against him.
Solomon next argues that the findings and conclusions of the referee in cases 87,667 and 88,762 are not supported by competent and substantial evidence. As to case No. 87,667, Solomon contends that the referee's findings and conclusions cannot stand because they are based on evidence stricken from the record. The Bar agrees that the referee struck all evidence relating to the sexual assault and child abuse references in the titles of Solomon's motions. However, the Bar argues that, despite the stricken testimony, the record clearly establishes that Solomon acted incompetently in this case.
A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. If the referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Florida Bar v. Bustamante, 662 So.2d 687 (Fla.1995). The record reveals that Solomon's repeated failure to remit filing fees or submit proof of insolvency with his appeals frustrated the Second District Court of Appeal to the extent that Solomon was summoned to show cause and sanctioned for his incompetence. Solomon's attempt to prove his client's indigency was unconventional and ultimately failed. The interests of his client were clearly harmed by his incompetence. We conclude that the record contains competent and substantial evidence supporting the referee's recommendation that Solomon be found guilty of violating rule 4-1.1 in case No. 87,667.
As to case No. 88,762, Solomon likewise asserts that the findings and conclusions of the referee are based on inadmissible evidence. Specifically, Solomon claims that the referee struck all evidence regarding his opposition to the summary judgment motion, and without this evidence, the conclusions of the referee cannot stand. Our review of the record reveals that the referee sustained objections to the relevancy of certain testimony regarding Solomon's handling of the summary judgment appeal. However, the record clearly reveals that the referee admitted other substantial and competent evidence regarding Solomon's representation in the appeal. We conclude that the record supports the referee's recommendation of guilt in case No. 88,762.
In its cross-petition for review, the Bar claims that the referee's findings of fact as to counts I, II, IV, V, and VI of case No. 86,914 demonstrate that Solomon violated rules 4-1.1 and 4-1.3. The Bar also claims Solomon violated rule 4-1.3 in case No. 87,667. Finally, the Bar argues that the referee erroneously required that actual harm or prejudice to Solomon's clients be shown as an element of incompetence or lack of diligence. We agree with the Bar that actual harm or prejudice is not an element of incompetence or lack of diligence under the Rules Regulating the Florida Bar. See Florida Bar v. Littman, 612 So.2d 582 (Fla.1993). Regardless, after reviewing the record, we conclude that the referee's findings are supported by competent, substantial evidence.

ANALYSIS AS TO DISCIPLINE
While a referee's recommendation for discipline is persuasive, this Court has the ultimate responsibility to determine the appropriate sanction. Florida Bar v. Reed, 644 So.2d 1355 (Fla.1994). A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct. *1147 Florida Bar v. Lawless, 640 So.2d 1098 (Fla.1994).
As discussed in detail in this opinion, this case involves the persistent failure of Solomon to competently represent his clients and comply with basic rules of civil and appellate practice and procedure. The nature of Solomon's conduct is inexplicable. His incompetence and lack of diligence have affected many of his clients, some of whom were clearly harmed as a result of his actions. Moreover, Solomon's incompetence has been demonstrated in pre-trial, trial, and appellate proceedings. Based on his findings and conclusions and the aggravating and mitigating factors, the referee found a ninety-one day suspension and two year probation following reinstatement to the practice of law to be the appropriate discipline. We find that the circumstances clearly justify the approval of the suspension and probation recommended by the referee. However, we decline to adopt the referee's recommendation that Solomon obtain co-counsel in all pending and future litigation matters during the term of probation. We do find that there must be appropriate supervision during Solomon's probationary period and that Solomon must take and pass parts A and B of the Florida Bar Examination as a condition of reinstatement.
Accordingly, David Lawrence Solomon is hereby suspended for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Solomon can close out his practice and protect the interests of existing clients. If Solomon notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Solomon shall accept no new business from the date this opinion is filed until the suspension is completed. Solomon shall take and pass Parts A and B of the Florida Bar Examination prior to filing a petition for reinstatement to the practice of law in this state.
Upon reinstatement, Solomon will be placed on probation for a period of two years. During the term of the probation, Solomon shall forward quarterly reports to The Florida Bar listing all clients and the nature and status of the matter. In addition, within ten days after reinstatement, Solomon shall contact the Law Office Management and Advisory Service (LOMAS) and undergo an office procedures and record-keeping analysis. Solomon shall cooperate with LOMAS in the conduct of the analysis and shall fully comply with and implement, at his sole cost and expense, all recommendations made by LOMAS. The LOMAS analysis shall consist of, at a minimum, an initial review within thirty days of the date of reinstatement and a final review six months prior to termination of the discipline ordered herein, confirming compliance with and implementation of the recommendations of LOMAS. may require such additional interviews or reviews as it may, in its sole discretion, deem necessary or advisable. Solomon shall pay all fees and expenses of LOMAS incurred or required in connection with the conduct of its analysis. LOMAS shall provide the Lawyer Regulation Department of The Florida Bar with status reports as to the ordered analysis. We also enter judgment against Solomon in favor of The Florida Bar for costs in the amount of $11,600.23, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
KOGAN, C.J., concurs in part and dissents in part with an opinion, in which ANSTEAD, J., concurs.
KOGAN, Chief Justice, concurring in part and dissenting in part.
I concur as to the findings of the Court that the respondent is guilty of violating the rules governing professional conduct and agree with the court's imposition of a ninety-one-day suspension, as well as a two-year probation upon reinstatement. However, I cannot see where a retaking of the Bar examination by the respondent will in any way determine under the facts of these cases his competency to practice law. I feel that, based upon all of these cases, we should require the respondent to submit to a mental competency examination by a licensed professional in order to assist him in attaining *1148 the level of competency necessary for him to meet his responsibilities as a lawyer.
ANSTEAD, J., concurs.
NOTES
[1] In his initial brief in that case, Solomon inappropriately noted, apparently in an attempt at humor, that the appellee's attorney had the same last name as person in a cited case who was convicted of burglary and assault with intent to commit rape with a deadly weapon.
[2] Solomon had failed on at least ten occasions in the preceding twenty-five months to file appeals with the proper fee or affidavit of insolvency. Keene v. Nudera, 661 So.2d 40, 43 (Fla. 2d DCA 1995).
[3] The district court stated, "We know of no CLE program which would address the errors of the fundamentals of pleading and procedure that appear here." Fernandes, 659 So.2d at 413 n. 5.
[4] The first three issues concern case No. 88,762. First, Solomon argues that his complaint sufficiently alleged special damages and that he should not be disciplined for failing to amend it per the recommendation of the district court. Second, Solomon argues that the fact that he prevailed on appeal precludes a finding of incompetence. Third, Solomon asserts that the referee's finding that filing a complaint in the improper venue can result in a dismissal with prejudice is erroneous. Fourth, as to case No. 87,667, Solomon argues that captioning a motion with the title to a statute does not evidence incompetence. Fifth, as to case No. 86,914, Solomon asserts that filing an interlocutory appeal does not delay litigation.