PER CURIAM.
Gard Midtvaage (lender) timely appeals the final order entered by the trial court dismissing its action against The Porches Bahamas, Ltd. (borrower). We reverse.
Lender, a Florida resident, and borrower, a Bahamian corporation, executed an unsecured promissory note. Lender thereafter filed suit for breach of the terms of the note. The matter proceeded to trial, nonjury. At the close of lender’s case-in-chief, borrower moved for an involuntary dismissal of the lawsuit. Borrower argued that lender had “failed to present any evidence to show that the excise tax on the promissory note, required by Florida Statute 201.08, had been paid, rendering the note unenforceable.” The trial court granted borrower’s motion.
Lender filed a timely motion for rehearing arguing, inter alia, that pursuant to section 201.23 of the Florida Statutes (2011) (providing that foreign notes are exempt from excise taxes), no excise tax was due on the note at issue, and, accordingly, the trial court erred in dismissing the action. The trial court denied the motion, and then entered an order dismissing the action. This appeal followed.
Lender argues that, since section 201.23 renders the promissory note exempt from the payment of excise taxes, the trial court erred in denying its motion for a rehearing. We agree.
Pursuant to section 201.23, because the subject promissory note was executed by a foreign company, the nonpayment of excise taxes was irrelevant to the question of enforceability. The statute provides:
201.23 Foreign notes and other written obligations exempt.
(1) There shall be exempt from all excise taxes imposed by this chapter:
(a) All promissory notes, nonnegotiable notes, and other written obligations to pay money bearing date on or after July 1, 1977, if the makers thereof or the obligors thereunder, at the time of the making or execution thereof, are individuals residing outside the United States or business organizations or other persons located outside the United States.
§ 201.23(l)(a), Fla. Stat. (2011).
The instant note states that the borrower is “a company incorporated under the laws of The Commonwealth of the Bahamas.” Documents incorporated by reference in the note demonstrate that borrower maintains its principal office in the Bahamas. Accordingly, the subject promissory note is a foreign note that meets the criteria for exemption from excise taxes pursuant to section 201.23. As such, the trial court should have granted the motion for rehearing. See Olesh v. Greenberg, 978 So.2d 238 (Fla. 5th DCA 2008); Fernandes v. Boisvert, 659 So.2d 412 (Fla. 2nd DCA 1995).
*926 Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
PALMER, ORFINGER and BERGER, JJ., concur.