# Supreme Court of Florida

_____

No. SC12-2724
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**DANIEL MARK COHEN,**
Respondent.

[February 12, 2015]

PER CURIAM.

We have for review a referee's report recommending that respondent Daniel Mark Cohen be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar Rules) and receive a public reprimand, among other sanctions. We have jurisdiction. See art. V, § 15, Fla. Const. As discussed in this opinion, we approve the referee's findings of fact and recommendations as to guilt. However, we disapprove the referee's recommendation for a public reprimand. We conclude instead that a public reprimand and a ten-day suspension are appropriate.

**FACTS**

In December 2012, The Florida Bar filed a complaint against Cohen, alleging that he engaged in misconduct in violation of the Bar Rules. A referee was appointed to consider the matter. Following a hearing, the referee submitted her report for the Court's review, in which she made the following findings and recommendations.

Cohen was hired to represent a client at a resentencing hearing in the client's criminal case pursuant to Graham v. Florida, 560 U.S. 48 (2010). On March 15, 2012, Cohen was mailed a Notice of Hearing, indicating that the resentencing hearing was scheduled for March 28, 2012. The referee found that Cohen received the Notice on March 19. On the same day, Cohen filed a "Motion to Continue Resentencing Hearing and Notice of Unavailability," asserting that the notice provided for the Graham resentencing hearing was not reasonable and that he did not have adequate time to prepare; Cohen also stated in the motion that he was unavailable on March 28 because he was previously retained to prepare a petition for writ of certiorari on behalf of another client. Significantly, Cohen did not indicate in the motion whether the State agreed to the continuance, he did not submit a copy directly to the presiding judge, and he did not set the motion for a hearing.

Because the client's resentencing hearing had not been continued, on the day set for the hearing, March 28, 2012, the presiding judge traveled from the county

where he was then assigned to the county where the hearing was to take place; the judge had reserved a courtroom and scheduled court staff in order to conduct the hearing. The assistant state attorney, the client, and the client's former appellate attorney were also present. However, Cohen did not appear. As a result, the presiding judge was forced to reschedule the hearing for a later date. The judge testified before the referee, without hesitation, that had Cohen appeared at the hearing and requested a continuance, the judge likely would have granted his request. The assistant state attorney also testified that she had no objection to Cohen's request for a continuance. However, Cohen simply chose not to attend. The referee found that Cohen has substantial experience in the practice of law, and particularly in the practice of criminal law, and he should have known that his motion to continue was not self-executing. The resentencing hearing was properly noticed and it had not been continued; thus, Cohen was required to appear.

Following the hearing, the referee noted that Cohen made no personal effort to contact the presiding judge to explain his absence.[1] Accordingly, the judge reported Cohen's conduct to the Bar.

---

[1] During the hearing before the referee, there was testimony presented that another attorney called the presiding judge later in the day on March 28, 2012, and asked the judge's judicial assistant what had happened at the hearing. Cohen indicated that he retained an attorney for the purpose of calling the judge's office to inquire about the hearing; he stated that he did not make the call himself because

Based on these facts, the referee recommended that Cohen be found guilty of violating two Bar Rules: 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

The referee found two aggravating factors in this case: Cohen has substantial experience in the practice of law, and he has refused to acknowledge the wrongful nature of his misconduct. The referee also found five mitigating factors: Cohen has no prior disciplinary record; he was suffering from personal or emotional problems at the time of his misconduct; he exhibited a cooperative attitude during the disciplinary proceeding; he demonstrated good character and reputation; and he showed remorse.

In making her recommendation as to the sanction, the referee expressly found that Cohen's conduct caused harm to the legal system:

> While minimal direct prejudice, harm or injury resulted to [the client], the Respondent's actions ultimately required [the client's] resentencing hearing to have to be postponed. The delay to the court system was proven and evident. Continuing court hearings and having litigants come to court without being able to resolve the issues result in undue hardship to the administration of justice. This also results in additional expense and unnecessary use of work hours and

---

he was not prepared to respond if the conversation became contentious. The referee found that Cohen's conduct in this regard was "troublesome."

administrative functions, such as the transportation of inmates (in this case [the client] was an inmate and had to be transported for the hearing). Thus, the Respondent's ethical misconduct is harmful to the legal system and cannot be tolerated by an officer of the court.

Accordingly, the referee recommended that Cohen receive a public reprimand before The Florida Bar Board of Governors. The referee also recommended that Cohen make an appointment with Florida Lawyer's Assistance, Inc. (FLA), undergo a full evaluation, and abide by all of FLA's recommendations (including a rehabilitation contract if necessary). The referee recommended that Cohen schedule a review of his law practice by the Law Office Management Assistance Service (LOMAS), and fully comply with any of its recommendations. Finally, the referee awarded costs to the Bar in the amount of $2,830.28.

Cohen filed a Notice of Intent to Seek Review of Report of Referee challenging the referee's recommendations as to guilt. In July 2014, the Court issued an order directing him to show cause why the referee's recommended sanction should not be disapproved and a more severe sanction imposed. Cohen filed a response to the order.

## ANALYSIS

Initially, because the essential facts in this case are not disputed, we approve the referee's findings of fact without further comment. We address here Cohen's argument that the referee erred in recommending that he be found guilty of violating Bar Rules 4-1.3 and 4-8.4(d). The Court has repeatedly stated that the

referee's factual findings must be sufficient under the applicable rules to support the recommendations as to guilt. See Fla. Bar v. Shoureas, 913 So. 2d 554, 557-58 (Fla. 2005).

The referee first recommended that Cohen be found guilty of violating Bar Rule 4-1.3, which provides that a lawyer "shall act with reasonable diligence and promptness in representing a client." Here, the referee found that Cohen failed to attend a properly noticed, and not continued, resentencing hearing in his client's case, causing the hearing to be postponed. Cohen contends that the referee's recommendation of guilt is not supported because there is no evidence that his client suffered any harm. Indeed, it appears the client's resentencing hearing was rescheduled and the client ultimately received a lesser sentence. Cohen also presented evidence to show that the client and his family were satisfied with Cohen's representation. Nonetheless, we have previously explained there is no requirement that a client suffer actual harm as a result of an attorney's lack of diligence in order to find a violation of rule 4-1.3. See Florida Bar v. Solomon, 711 So. 2d 1141, 1146 (Fla. 1998) (stating that "actual harm or prejudice is not an element of incompetence or lack of diligence under the Rules Regulating the Florida Bar."). The referee's findings in this case demonstrate that Cohen failed to act diligently on behalf of his client when he chose not to appear for the client's resentencing hearing, causing that hearing to be postponed until a later date.

Accordingly, we approve the referee's recommendation that Cohen be found guilty of violating Bar Rule 4-1.3.

The referee also recommended that Cohen be found guilty of violating Bar Rule 4-8.4(d). The rule provides that a lawyer shall not "engage in conduct in connection with the practice of law that is prejudicial to the administration of justice." In this instance, we agree with the referee's conclusion that Cohen's failure to attend the resentencing hearing was prejudicial to the administration of justice. Cohen has conceded that he received the Notice of Hearing indicating that the resentencing hearing was scheduled for March 28, 2012, and that he knowingly did not attend the hearing. Although Cohen filed a motion to continue, as well as a notice indicating that he was "unavailable" to attend the hearing, he did not indicate whether the State agreed to the continuance and he did not set the motion for a hearing. As an attorney with experience in criminal law, Cohen should have known that a "Notice of Unavailability" or a motion to continue are not self-executing; they required a ruling from the presiding judge. Cohen had an obligation to appear at the hearing on his client's behalf; his decision not to attend the hearing, regardless of the reason for doing so, is not acceptable.

In his filings before this Court, Cohen contends that the presiding judge unilaterally scheduled the resentencing hearing without consulting Cohen, and that

the judge provided grossly insufficient notice and time to prepare. However, Cohen's arguments in this regard are misguided. The referee found:

> [I]t is of no consequence as to how the hearing was set, by whom, or at whose request. . . . What is important is that a hearing was set and that the Respondent acknowledged that he was properly noticed for that hearing and knowingly and willfully failed to appear at the hearing. It is also of little importance that six or seven working days' notice was inadequate to prepare for this type of hearing. These arguments were more appropriately the basis for the motion to continue which was never set for hearing or ruled on by the court.

We agree with the referee—regardless of whether the hearing was properly scheduled—the fact remains that the hearing had not been continued by the presiding judge and thus Cohen was required to appear on his client's behalf. Accordingly, we approve the referee's recommendation that Cohen's failure to attend the resentencing hearing, causing that hearing to be delayed, was prejudicial to the administration of justice in violation of Bar Rule 4-8.4(d).

We turn next to address the referee's recommended sanction, which includes a public reprimand. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So. 2d 852, 854 (Fla. 1989); see also art. V, § 15, Fla. Const. However, generally speaking this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law

- 8 -

and the Florida Standards for Imposing Lawyer Sanctions.  See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

Although Cohen's misconduct was relatively minor, and did not cause his client any actual harm, it was nonetheless harmful to the administration of justice and we conclude that his actions warrant harsher discipline than a public reprimand.  See Fla. Stds. Imposing Law. Sancs. 6.22 ("Suspension is appropriate when a lawyer knowingly violates a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.").  Cohen's failure to attend the resentencing hearing was knowing and intentional.  Moreover, the referee found that Cohen did not have a conflicting court date; rather, he was working on a filing for another client.  Ultimately, Cohen simply chose not to attend a hearing that he knew was scheduled in his client's case and had not been continued.  We agree with the referee's conclusion that Cohen's actions were harmful to the legal system and that such conduct cannot be tolerated by an officer of the Court.  Thus, we conclude a ten-day suspension is appropriate.  See Fla. Bar v. Morse, 784 So. 2d 414 (Fla. 2001) (suspending an attorney for ten days for failing to act diligently in his handling of a client's estate); Fla. Bar v. Doltie, 606 So. 2d 1158 (Fla. 1992) (suspending an attorney for one month for failing to appear at a client's final

hearing in an unemployment compensation case, and also for charging a client a fee in excess of the fee agreed to in the client contract).

We have also considered the referee's findings in aggravation and mitigation, and we approve those findings. In particular, we note the referee found that Cohen has failed to acknowledge the wrongful nature of his misconduct or to accept responsibility for his own actions. He continues to argue that the presiding judge is to blame because the judge provided unreasonable time to prepare for the resentencing hearing. However, as we have stated, regardless of Cohen's reasons for doing so, he may not choose not to attend a hearing scheduled in a client's case. His misconduct warrants a ten-day suspension.

## CONCLUSION

Accordingly, Daniel Mark Cohen is hereby ordered to receive a public reprimand as described in the referee's report, and he is suspended from the practice of law for ten days. The suspension will be effective thirty days from the date of this opinion so that Cohen can close out his practice and protect the interests of existing clients. If Cohen notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Cohen shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Cohen

shall accept no new business from the date of this opinion until the suspension is completed.

Additionally, we approve the referee's recommendation that Cohen undergo an evaluation with FLA, and that he be required to contact LOMAS and schedule a review of his law practice, as set forth in the Report of Referee.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Daniel Mark Cohen in the amount of $2,830.28, for which sum let execution issue.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida; Adria E. Quintela, Staff Counsel, and Alan Anthony Pascal, Bar Counsel, The Florida Bar, Sunrise, Florida,

for Complainant

Daniel Mark Cohen, pro se, West Palm Beach, Florida,

for Respondent