IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL ANTHONY
PETRUCCI,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D15-959

v.

PHILLIP BRINSON,

     Appellee.

_____/

Opinion filed November 9, 2015.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

James M. Levy of James Levy P.A., Miramar Beach, for Appellant.

Christopher M. Vlachos, Pensacola, for Appellee.

LEWIS, J.

Appellant, Michael Anthony Petrucci, appeals the trial court's order granting summary final judgment in favor of Appellee, Phillip Brinson, and argues that summary judgment was improper because genuine issues of material fact remain and

that the trial court abused its discretion in denying his motion for rehearing and in failing to consider his affidavit filed in opposition to summary judgment. For the following reasons, we agree with Appellant and, therefore, reverse and remand for further proceedings.

In his Amended Complaint filed against Appellant, Appellee, who had worked for Appellant's company, raised claims of civil theft and breach of contract, asserting that Appellant failed to satisfy a promissory note in the amount of $46,935 that was executed between the parties. Appellee further asserted that Appellant owed him both back pay and for loans he had made to Appellant. In response, Appellant filed an answer and raised seven affirmative defenses.

Thereafter, Appellee filed a summary judgment motion, asserting that Appellant admitted in his answer that he borrowed money from Appellee and never repaid him. In support of his motion, Appellee relied upon his affidavit, certain portions of Appellant's deposition, and Appellant's response to a request for admissions. In his affidavit, Appellee asserted that Appellant signed the promissory note willingly and without objection or coercion. In Appellant's deposition, he testified that he signed the note before reading it, explaining, "[B]ecause I asked him to put together a loan document. I'm the one that told him. . . . And I was on the telephone, and you were like, here's the loan thing, and I signed it." Appellant acknowledged borrowing $13,150 from Appellee but disputed the remaining amount

claimed by Appellee.  Appellant denied that he owed Appellee any back pay.  In his response to Appellee's request for admissions, Appellant stated:

> Admit [Appellant] signed the promissory note attached to the complaint as Exhibit A.  Prior to signing the note, [Appellant] and [Appellee] had discussed different terms and amounts owed.  [Appellee] presented the promissory note to [Appellant] while he was on the phone.  [Appellant] signed the note without reading the note as he trusted [Appellee] to memorialize the terms previously discussed.

In the Order Granting Plaintiff's Motion for Summary Final Judgment, the trial court explained that both Appellant and his counsel failed to appear at the summary judgment hearing and that nothing was filed in opposition to the summary judgment motion. The trial court found that it was uncontested that Appellee conferred a benefit upon Appellant for which Appellant had not paid and never intended on paying and that Appellant devised a scheme to obtain loans from Appellee with the specific criminal intent of never repaying the funds loaned to him. The trial court concluded that there were no disputed issues of fact and that Appellee was entitled to summary judgment as a matter of law.  It determined that Appellant was liable for $147,020.12, plus interest; this included in part $44,935 in damages and $93,870 in compensatory damages for civil theft.

Appellant's counsel subsequently filed on Appellant's behalf a Motion for Rehearing and Motion in Opposition to Plaintiff's Motion for Summary Judgment. Counsel represented that he mistakenly failed to calendar the notice of the pretrial conference/summary judgment hearing due to his heavy work load.  He argued that

3

Appellant was prepared to go to trial and requested that the case be tried on the merits at the earliest possible date, that Appellant did not receive sufficient notice of the motion for summary judgment, and that the motion failed to prove the absence of a genuine issue of material fact and failed to refute Appellant's affirmative defenses. As for Appellee's affidavit, Appellant's counsel argued that it was silent as to the issue of civil theft.

Appellant attached his affidavit to the motion wherein he represented that his counsel's absence was inadvertent and due to excusable neglect. Appellant admitted that Appellee made personal loans to him that he agreed to pay back. He set forth, "These loans are monetary debts and there were no conditions requiring me to use the funds in a certain manner or hold in trust for [Appellee]." Appellant represented that he had no criminal intent when making the loan transactions and that he did not engage in a scheme to defraud Appellee. He asserted that he had made payments to Appellee and that any amount remaining unpaid was due to his inability to pay. Appellant denied that he owed Appellee any unpaid wages and asserted that Appellee was an independent contractor who received advances against commissions. Appellant claimed that Appellee's allegations that he was to be paid a monthly $5,000 salary were false. Appellant further claimed that while he asked Appellee to draft a document reflecting that he owed Appellee $13,000, Appellee's document stated that Appellant owed him $46,935. Appellant asserted that he relied

4

upon Appellee's false representations and signed the note without reading it. The trial court denied Appellant's motions without comment. This appeal followed.

While an order on summary judgment is ordinarily reviewed de novo,[1] this case turns on the trial court's denial of Appellant's motion for rehearing. Florida Rule of Civil Procedure 1.530(a) provides in part that "[o]n a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment." A trial court has broad discretion to grant a rehearing of a summary judgment when the party seeking rehearing submits matters that would have created an issue precluding summary judgment. Fatherly v. Cal. Fed. Bank, FSB, 703 So. 2d 1101, 1102 (Fla. 2d DCA 1997). On appeal, Appellant argues that the trial court abused its discretion in denying his motion for rehearing and in not considering his affidavit offered in support of his motion and in opposition to summary judgment. We agree.

As Appellant points out, Florida's appellate courts have reversed in cases where evidence submitted with a motion for rehearing would have raised an issue of material fact precluding summary judgment. For instance, in Fernandes v. Boisvert, 659 So. 2d 412, 413 (Fla. 2d DCA 1995), the Second District explained that in response to the appellee's summary judgment motion, the appellant's attorney

---

[1] See Futch v. Wal-Mart Stores, Inc., 988 So. 2d 687, 690 (Fla. 1st DCA 2008).

5

filed an ambiguous writing entitled "Notice of Filing" to which he attached an affidavit of a "security consultant" relating to the duty of care of a landowner and a two-paragraph statement handwritten by the appellant which was taped to a piece of paper and notarized. Id. The writing bore no resemblance to an affidavit. Id. The appellant's attorney did not file or serve an affidavit pursuant to Florida Rule of Civil Procedure 1.510 seeking additional time to obtain an affidavit or move for a continuance of the hearing on the motion. Id. Confronted with the disarray of the appellant's "pleadings," the trial court granted summary judgment in the appellee's favor. Id. The appellant's attorney then filed a "vague and rambling" "Request for Reconsideration," which the trial court "graciously" treated as a motion for rehearing under rule 1.530. Id. In support of the motion, the attorney filed an affidavit by the appellant which controverted the appellee's affidavit. Id. The Second District set forth, "If this affidavit had been filed and served pursuant to rule 1.510 prior to the hearing on [the appellee's] motion for summary judgment, it would have raised an issue of material fact precluding summary judgment." Id. Upon rehearing, the trial court declined to consider the affidavit and denied the motion. Id. In vacating the final judgment and remanding the case for disposition on the merits, the Second District explained:

> We are thus confronted with the question of whether the trial court abused its discretion in refusing to rescue [the appellant] from the apparent incompetence of her lawyer. We recognize the broad discretion of the trial court in matters of this kind. While we do not

6

know the underlying reasons which compelled the attorney to pursue this matter in the way he did, it is apparent to us that something has gone awry. Therefore, in light of the unique circumstances presented here, we determine that the trial court abused its discretion in refusing to consider [the appellant's] affidavit on rehearing.

Id.

Similarly, in AC Holdings 2006, Inc. v. McCarty, 985 So. 2d 1123, 1123 (Fla. 3d DCA 2008), the Third District explained that the appellant did not submit any affidavits or other documents in opposition to the motion for summary judgment in the foreclosure case to which it was a party. The trial court granted the summary judgment motion and later denied the appellant's motion for rehearing. Id. at 1125. New counsel thereafter filed a notice of appearance on behalf of the appellant together with a second motion for rehearing/reconsideration with an affidavit in opposition to the summary judgment motion. Id. The trial court denied that motion as well. Id. In addressing whether the trial court abused its discretion in refusing to consider the affidavit, the Third District reasoned, "We do not know if the trial court considered the affidavit, but we believe that compelling or exigent circumstances existed." Id. at 1126. The Third District cited Fernandes in support of its reversal in the case. Id.

In Fitchner v. Lifesouth Community Blood Centers, Inc., 88 So. 3d 269, 278 (Fla. 1st DCA 2012), we cited Fernandes and AC Holdings 2006, Inc. and explained that rule 1.530 allows a rehearing "in an appropriate case to prevent an injustice that

7

would be caused by an error or omission by one of the lawyers." We further explained, "We do not suggest that trial judges are required to consider new issues presented for the first time on rehearing. Our point is simply that they have the authority to hear new issues." Id. We found that the proper exercise of discretion would have been to allow the argument on rehearing, and we reasoned, "It is true that responsibility for the failure to present the argument earlier lies with the [appellants], not the trial court, but the error was one that could have been corrected easily and inexpensively." Id. We determined that it would have been a simple matter to "open the judgment" as provided in rule 1.530 and then allow the parties to present their claims and defenses on the merits. Id.; see also Knowles v. JPMorgan Chase Bank, N.A., 994 So. 2d 1218, 1219-20 (Fla. 2d DCA 2008) (reversing the summary judgment and remanding where the appellant filed her affidavit opposing summary judgment along with her motion for rehearing); Olesh v. Greenberg, 978 So. 2d 238, 243 (Fla. 5th DCA 2008) (explaining that the case before it, like Fernandes, involved the apparently negligent legal representation of the party opposing the summary judgment and that the appellant's motion for reconsideration and rehearing included attachments and an affidavit clearly raising material questions of fact, which, if true, would have precluded summary judgment, and holding that based "on these unique facts and circumstances," the trial court abused its discretion in refusing to rescue the appellant from the apparent

8

incompetence of his lawyer); <u>Fatherly</u>, 703 So. 2d at 1102-03 (holding that the trial court abused its discretion by refusing to consider the appellant's sworn allegations in a motion for rehearing in a foreclosure case because "[t]he circumstances of the instant case are [] disturbing . . . something has gone awry" where the appellant's former counsel failed to respond to the motion for summary judgment).

In our view, this case, like the foregoing cases, is one where something went "awry" and where Appellant, through no fault of his own, had summary judgment entered against him based upon the apparent incompetence of his attorney. Because the affidavit attached to Appellant's motion for rehearing established that genuine issues of material fact exist in this case, we conclude that the trial court abused its discretion in denying the motion for rehearing and in not considering Appellant's affidavit, and we reverse and remand for further proceedings. In doing so, we note that whether the trial court could have or may in the future impose sanctions in this case for Appellant's counsel's inaction is not an issue in this appeal.

REVERSED and REMANDED for further proceedings.

SWANSON and WINOKUR, JJ., CONCUR.