PEARSON, Chief Judge.
This interlocutory appeal is from an order denying the defendants’ motion to *158 quash service of process and denying defendants’ motion to dissolve a writ of attachment. The complaint reveals that the appellee seeks damages for appellants’ breach of a contract to purchase from ap-pellee a restaurant business in Miami, Florida.
The process and return of service are not included in the record before this court but the trial judge found: “* * * the plaintiff and defendants have each filed affidavits setting forth the facts justifying the service of process in accordance with §§ 46.161 [48.161] and 48.181, F.S.A. * * Appellants’ point on appeal directed to the denial of their motion to quash service urges that there was an insufficient showing that appellants were doing business in this state. An examination of the affidavits shows that appellants had (1) opened a bank account in a Miami bank; (2) signed a contract to purchase a restaurant business; (3) applied for an alcoholic beverage license; (4) executed a document assuming a lease to the restaurant premises. Appellant describes all of these acts as “preparation for doing business.” We think that the trial judge correctly held that these actions amounted to an engaging in a business venture. See Wm. E. Strasser Construction Corp. v. Linn, Fla.1957, 97 So.2d 458; Weber v. Register, Fla.1953, 67 So.2d 619; O’Connell v. Loach, Fla.App.1967, 203 So.2d 350; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App.1964, 160 So.2d 733; Matthews v. Matthews, Fla.App. 1960, 122 So.2d 571.
Appellants’ point directed to the denial of their motion to dissolve the attachment urges only that the attachment was invalid because, “there is no debt shown to be actually due.” Appellee’s affidavit on the other hand avers that the alleged debtors were about to remove their property out of the state. Florida Statutes § 76.05(1), F.S.A. provides “Any creditor may have an attachment on a debt not due, when the debtor: (1) Is actually removing his property out of the state * * * ”
The points presented upon this interlocutory appeal do not present reversible error.
Affirmed.