703 So.2d 1101 (1997)
Olivia McNeal FATHERLY, Appellant,
v.
CALIFORNIA FEDERAL BANK, FSB, f/k/a California Federal Savings & Loan Association, Appellee.
No. 96-03855.
District Court of Appeal of Florida, Second District.
October 31, 1997.
Robert E. Morris and John T. Golding, of Robert E. Morris, P.A., Tampa, for Appellant.
Peter N. Smith of Gurney & Handley, P.A., Orlando, for Appellee.
NORTHCUTT, Judge.
The record before the circuit court contained disputed issues of material fact. Therefore, we reverse the summary judgment *1102 foreclosing the mortgage on Olivia Fatherly's home.
The mortgagee, California Federal Bank, alleged in its complaint and in its motion for summary judgment that no payments had been made on the mortgage indebtedness since May 1, 1995. It submitted a form affidavit in support of the motion, averring that it was owed $154,487.80 in principal, plus interest of $13,281.48. The affidavit reflected a credit for unapplied funds in the amount of $706.98. In her answer to the complaint, Fatherly denied that she was in default, demanded proof that no payments had been made after May 1, 1995, and alleged that the bank had not appropriately credited her payments. Fatherly filed nothing in response to the motion for summary judgment. The circuit court entered summary final judgment in California Federal's favor.
Fatherly then engaged new counsel, and timely filed a verified motion for rehearing. She attached copies of checks reflecting monthly mortgage payments from May through November 1995. Fatherly recounted that she had attempted to make the December 1995 payment, but California Federal had returned her check and demanded payment in full. She also contended that the bank was estopped to foreclose because she had relied on its prior assurances that she could defer making payments due to medical circumstances. Finally, Fatherly claimed a setoff in excess of her alleged past due indebtedness to California Federal, based on her alleged share of the recovery in a California class action suit against the bank. Fatherly's motion acknowledged that the facts she alleged were known to her prior counsel; she did not know why the attorney had not asserted them in a timely fashion. California Federal filed no controverting affidavit to rebut the facts alleged in Fatherly's sworn motion for rehearing. The circuit court denied Fatherly's motion, and this appeal ensued.
The circuit court erred in two respects. First, when California Federal moved for summary judgment it failed to conclusively disprove Fatherly's assertion that the bank had not properly credited her payments. This allegation, although not artfully pleaded, called into question both the bank's allegation of default and, even assuming a default, its claim regarding the principal and interest owed.
The movant for summary judgment bears the burden of demonstrating conclusively that the nonmoving party cannot prevail. If the record raises even the slightest doubt that an issue might exist, summary judgment is precluded. See Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979). "In the absence of some proof contradicting or opposing an affirmative defense, entry of a summary judgment is improper." Fasano v. Hicks, 667 So.2d 1033, 1034 (Fla. 2d DCA 1996). Here, California Federal's affidavit failed to contradict Fatherly's assertion that her payments had not been properly credited. To the contrary, the affidavit confirmed that the bank had received sums that it had not applied. At the very least, this concession raised an issue regarding the bank's damages calculations, for if the unapplied funds rightfully should have been applied to reduce the principal indebtedness, California Federal's interest computation would have been affected. Under these circumstances, the circuit court should not have granted the bank's motion for summary judgment.
The circuit court's second error was in its rejection of Fatherly's motion for rehearing. In Kash N' Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786 (Fla. 2d DCA 1969), this court noted that under Florida Rule of Civil Procedure 1.530 a judge has broad discretion to grant a rehearing of a summary judgment when the party seeking rehearing submits matters that would have created an issue precluding summary judgment if they had been raised prior to the hearing on the motion. "Almost any additional evidence, whether newly discovered or not, is sufficient for relief on a timely motion for rehearing of a summary judgment if in the discretion of the trial judge it presents a triable issue of a material fact." Kash N' Karry, 221 So.2d at 789 (emphasis original).
In its order denying Fatherly's motion for rehearing, the circuit court posited that Kash *1103 N' Karry, a 1969 decision, was negated by the 1992 amendment of Florida Rule of Civil Procedure 1.510(c) to require that affidavits in opposition to a motion for summary judgment be furnished to the movant's counsel within specified periods prior to the hearing on the motion. The circuit court concluded that "[n]eglect by defendant's prior counsel in failing to timely file opposing affidavits or in failing to present affirmative defenses should not be considered as sufficient grounds for the granting of a rehearing under Rule 1.530."
We disagree with the circuit court's opinion that Kash N' Karry is no longer good law. When that case was decided, rule 1.510(c) required that affidavits in opposition to summary judgment be served "prior to the day of hearing." That this requirement was later amended to more specifically state how far in advance of the hearing the affidavits were to be served did not undermine the efficacy of the Kash N' Karry decision.
We also disagree that the neglect of Fatherly's prior counsel should have had no bearing on the court's consideration of her motion for rehearing. In this regard we note that when the circuit court denied Fatherly's motion it likely was unaware of this court's decision two days earlier in Fernandes v. Boisvert, 659 So.2d 412 (Fla. 2d DCA 1995). In that case, as in this one, counsel for the party opposing summary judgment failed to file an affidavit in opposition to the motion prior to the hearing. After the court granted summary judgment, counsel filed a motion for rehearing and, for the first time, filed an affidavit raising fact issues that would have defeated the motion for summary judgment if it had been timely filed. The circuit court denied the motion for rehearing. On appeal we wrote that we were "thus confronted with the question of whether the trial court abused its discretion in refusing to rescue Fernandes from the apparent incompetence of her lawyer. [footnote omitted]"
We recognize the broad discretion of the trial court in matters of this kind. While we do not know the underlying reasons which compelled the attorney to pursue this matter in the way he did, it is apparent to us that something has gone awry. Therefore, in light of the unique circumstances presented here, we determine that the trial court abused its discretion in refusing to consider Fernandes' affidavit on rehearing.
Fernandes, 659 So.2d at 413.
The circumstances of the instant case are similarly disturbing. Most assuredly, something has gone awry here. The allegations in Fatherly's sworn motion for rehearing would defeat California Federal's motion for summary judgment. If proved, those allegations could save Fatherly's home from foreclosure. We conclude that the circuit court abused its discretion in refusing to consider Fatherly's sworn allegations on rehearing. Accordingly, we reverse the final judgment and remand this case for disposition on the merits. On remand, Fatherly shall be permitted to amend her pleadings to properly allege the affirmative defenses contained in her prior answer and in her motion for rehearing. See Sea Shore Motel Corp. v. Fireman's Fund Ins. Co., 233 So.2d 651 (Fla. 4th DCA 1970).
Reversed and remanded.
CAMPBELL, A.C.J., and LAZZARA, J., concur.