PER CURIAM.
Gary McGowan appeals a final summary judgment on a breach of contract claim and *684 an agreed order awarding attorney’s fees. We reverse the judgment as to Miami-Dade County: the record, which includes the affidavits submitted on rehearing, establishes the existence of the material factual issue whether the County breached the agreement with McGowan by failing to remove the pertinent documents from his personnel files and not from the internal affairs file.[1] See Fatherly v. California Fed. Bank, 703 So.2d 1101, 1102 (Fla. 2d DCA 1997); Sapphire Condominium Ass’n, Inc. v. Amerivend Corp., 691 So.2d 600 (Fla. 4th DCA 1997). Accordingly, the County did not carry its burden on summary judgment. However, we affirm the summary judgment entered in favor of the other appellees. See E.C. Goldman, Inc. v. A/R/C Assocs., Inc., 543 So.2d 1268 (Fla. 5th DCA), review denied, 551 So.2d 461 (Fla.1989); Busby v. City of Orlando, 931 F.2d 764 (11th Cir.1991). Because we reverse the summary judgment in favor of the County, we must reverse that portion of the order awarding the County attorney’s fees and costs.
Judgment affirmed in part and reversed in part; order awarding the County fees and costs reversed; and cause remanded.

. At oral argument, the County conceded that the documents were in McGowan's personnel files.