754 So.2d 810 (2000)
Efrosini BOULIS, Appellant,
v.
Konstantinos BOULIS, Appellee.
No. 4D99-0861.
District Court of Appeal of Florida, Fourth District.
March 29, 2000.
Karen Coolman Amlong and Judith M. Alexander of Amlong & Amlong, P.A., Fort Lauderdale, for appellant.
Hal Vogel of Hal S. Vogel, P.A., Aventura, and Glenn J. Waldman of Waldman, Feluren & Trigoboff, Fort Lauderdale, for appellee.
PER CURIAM.
The wife in the underlying dissolution action has filed this appeal of a non-final order granting the wife temporary alimony, litigation/travel expenses, and attorney's fees in amounts far less than she requested.[1] We affirm the award of temporary alimony, but reverse the other awards and remand for further proceedings.
*811 The petition for dissolution was filed in 1997, but the husband alleges that the parties were separated in 1976. The wife alleges that as of 1979 or 1980, the parties resided in separate countries, but were not separated, and the marriage continued. In seeking the temporary relief, the wife presented evidence as to the complexity of the alleged $90,000,000 marital estate.
Pertinent to this case is section 61.075(6), Florida Statutes (1999), which provides in part:
The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage. The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.
Thus, a critical issue in this case is whether the cut-off date for determining marital assets is 1976 or 1997. The husband argues that the marital assets should be determined as of 1976, the date he alleges the parties were separated. The wife, on the other hand, seeks valuation of the assets as of 1997, the date the petition was filed. If the asset determination date is 1976, or even 1979-80, rather than 1997, the time frame and number of assets to be addressed in the dissolution proceedings will be considerably less. Accordingly, the time and effort needed for discovery and the extent of litigation would be dramatically reduced. Therefore, the trial court should hold an evidentiary hearing to determine whether the parties had a valid separation agreement and, if so, the date of the agreed separation. Once the cut-off date is determined pursuant to section 61.075(6), the trial court will then be in a better position to predict the scope of discovery and the time needed for litigating this case. This in turn necessarily affects the amount of temporary fees and costs needed by the wife.
This tack falls in line with this Court's reasoning in Woodward v. Berkery, 714 So.2d 1027 (Fla. 4th DCA), rev. denied, 717 So.2d 528 (Fla.1998), in which this Court found that the interim fees would be ruled in part by what issues could be legitimately resolved in the underlying modification proceeding. This Court found that certain determinations had to be made in order to assess what contested issues might be legitimately resolved, reasoning:
As we previously indicated, we agree with the mother that the court has broad discretion in setting interim attorney's fees in family law matters under section 61.16. We repeat, however, that it is nevertheless a discretion related to a determination of a legally sustainable controversy, properly raised in a Florida court. It is not a generalized discretion allowing the trial judge in every case to award an amount that might generally be incurred in litigating a fully contested divorce or paternity case. In this instance, the actual controversy is singular and discrete, involving not so much a factual dispute, but is instead concentrated on a limited legal issue. Again the threshold issue is whether modification can be sought in Florida and, if so, to what extent the New York orders are modifiable by a Florida court in light of the agreements on which they were based and the apparent absence of any allegation of a substantial change in the circumstances under which they were made. It is only when these matters are settled that the trial court will be in a position to confront all the equitable considerations that Rosen requires for attorney's fees under section 61.16.
Woodward, 714 So.2d at 1027.
Likewise, the trial court in this case shall determine if there is a legally sustainable controversy relating to marital assets accumulated during the period between 1976 and 1997.
*812 We therefore affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
GUNTHER, FARMER and STEVENSON, JJ., concur.
NOTES
[1] The wife also challenges the order in that it requires her to present an accounting; however, that issue was not preserved for review. See Tillman v. State, 471 So.2d 32, 35 (Fla. 1985) (finding that to preserve an issue for appellate review, the issue must be presented to the lower court with the specific legal argument or ground to be argued on appeal).