811 So.2d 780 (2002)
Alfred BELL and Andrea Bell, Appellants,
v.
RENAR DEVELOPMENT COMPANY, Appellee.
Nos. 4D01-1143, 4D01-1774.
District Court of Appeal of Florida, Fourth District.
March 13, 2002.
Rehearing Denied April 9, 2002.
James J. Dean of Messer, Caparello & Self, P.A., Tallahassee, for appellants.
Gary L. Sweet of Warner, Fox, Wackeen, Dungey, Seeley, Sweet & Beard, L.L.P., Stuart, for appellee.
STONE, J.
We affirm a final judgment in favor of Renar Development Company (Renar), enforcing *781 a construction lien on the Bells' property. In doing so, we conclude that the trial court did not err in finding that Renar's final contractor's affidavit complies with the requirements of section 713.06(3)(d)1, Florida Statutes (1999).
Renar, a general contractor, completed construction of a new home for the Bells. Renar filed a claim of lien for the balance claimed under the construction contract and forwarded a contractor's final affidavit to the Bells.
Delivery of a contractor's final affidavit is mandated under section 713.06(3)(d)1, Florida Statutes, in securing the contractor's claim. Section 713.06(3)(d)1 requires that the contractor give the owner written assurance that potential lienors have been paid in full. The statute provides that in the event the contractor fails to furnish the affidavit, the contractor has "no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit." Pursuant to this statutory scheme, the contractor must state either that all potential lienors have been paid or, if they have not, the amount(s) due.
Here, Renar did furnish an affidavit stating that all lienors had been paid in full. However, the Bells assert that the affidavit is invalid as it was not properly sworn.
We have reviewed the record and conclude that the Bells failed to either plead, argue, or allege that the form of the affidavit was invalid for not having been properly sworn. See Boulis v. Boulis, 754 So.2d 810 n. 1 (Fla. 4th DCA 2000)(citing Tillman v. State, 471 So.2d 32, 35 (Fla. 1985)). See also Paulk v. Peyton, 648 So.2d 772 (Fla. 1st DCA 1994). While the Bells did, as they claim in their reply brief, "allude" to the argument in closing, this was not sufficient to preserve the issue for appeal. At no time did the trial court have the opportunity to make a ruling on the sufficiency of the language contained in the affidavit.
In any event, we further conclude that, on the merits, the affidavit was valid and sufficient on its face. It provides:
FINAL CONTRACTOR'S AFFIDAVIT
BEFORE ME, the undersigned authority, this day personally appeared Renee Doss, who deposes and says:
1. Affiant is the Chairman of Renar Fine Homes ("Contractor") and has personal knowledge of all facts hereinafter stated.
2. Renar (the "Contractor"), pursuant to a contract with Alfred R. Bell Sr. & Andrea L. Bell (the "Owner"), the owner and holder of fee simple title to land, situated in St. Lucie County, Florida, described further below, constructed on said land certain improvements pursuant to agreement between the Owner and the Contractor, dated August 21, 1998.

[LEGAL DESCRIPTION ...]
* * *
3. All lienors (as defined in Chapter 713, Florida Statutes) have been paid in full for the labor, services and /or materials furnished in constructing such improvements, except those lienors, if any, listed below, whose names, and the amount(s) due or to become due for labor, services or materials furnished are:
 AMOUNT(S) DUE OR
 NAME(S) TO BECOME DUE
 [Attach a separate sheet if necessary.]
 Renar Development $20,259.80
 A/K/A
 Renar Fine Homes
 This affidavit is made for the purpose of inducing
 Owner and SunTrust Bank, South Florida, N.A., as
 holder of a mortgage on the property, to make full
*782
 and final payment to the Contractor under the
 terms of said agreement between Owner and Contractor
 and in compliance with Chapter 713.08, Florida
 Statutes.
 FURTHER AFFIANT SAITH NOT this 2nd day
 of November 1999
 By: [signature]
 Name Printed: Renee M. Doss
 Title: Chairman
 (STATE OF FLORIDA)
 (COUNTY OF ST. LUCIE)
 The foregoing Instrument was acknowledged before
 me this 5 day of November 1999, by Renee M. Doss
 (name), Chairman (title), of Renar Dev., a_____
 (state) corporation, on behalf of the corporation.
 He/(She) is personally known to me or has produced
 ______ as identification and did (did not) take
 an oath.
 (signature)______________________/s/_______________________
 (NOTARY PUBLIC) (Commission stamp)
 (Print Name)
We recognize that instead of stating that the affidavit was sworn to before the notary, the affidavit uses the term "acknowledged" rather than "sworn." Nevertheless, we deem the document sufficient for purposes of the statute. The document was clearly intended as a final contractor's affidavit; it was entitled, "Final Contractor's Affidavit;" it confirmed that the "affiant" had personally appeared and "deposes;" it stated that the affiant had "personal knowledge" of all facts contained in the document; it referred to the contract and declared that all lienors, as defined in the Florida Statutes, had been paid in full except for the balance owed to Renar; it stated that the affidavit was made for the purpose of inducing the Bells and their lender to make full and final payment to Renar in compliance with chapter 713.06 and, finally, it was signed by the maker as an "Affiant." Although the sentence that affiant "did (did not) take an oath" is patently ambiguous, it is obvious that the notary simply failed to cross out the inapplicable language. As to this, there was testimony by the affiant, albeit disputed, that she swore to its truth.
We have also considered the other issues raised on appeal, and we find, as to each, no reversible error or abuse of discretion. Therefore, the judgment is affirmed.
GROSS and HAZOURI, JJ., concur.