972 So.2d 243 (2007)
Albert SCHORNBERG and Cindy Schornberg, Individually and as Parents of LaShalle Schornberg, a minor, Appellants,
v.
PANORAMA CUSTOM HOME BUILDERS, INC., and Roy Lansdown, Individually, Appellees.
No. 2D07-87.
District Court of Appeal of Florida, Second District.
December 28, 2007.
Michael L. Childress, and Edward Eshoo, Jr. of Childress Duffy Goldblatt, Ltd., Chicago, IL, for Appellants.
Scott A. Beatty of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellees.
*244 CASANUEVA, Judge.
Albert and Cindy Schornberg appeal an adverse final summary judgment in their lawsuit alleging defective construction of their home. In January 1998, they contracted with Appellee Panorama Custom Home Builders, Inc., through its president, Appellee Roy Lansdown, to build a $2,520,000 single-family custom home on Marco Island, Collier County, Florida. Construction was completed sometime in 2001. In May 2003, while conducting remodeling work, Mr. and Mrs. Schornberg discovered evidence of pervasive water intrusion into the home, intrusion which had allowed the growth and proliferation of mold and bacteria throughout the home to the extent that they had to evacuate while repairs were undertaken. In November 2004, they filed a four-count complaint against Panorama and Mr. Lansdown but, in December 2006, suffered the adverse summary judgment that they now appeal. We reverse.

Proceedings Leading Up To The Summary Judgment
The Schornbergs' four-count complaint, to which the construction contract was attached, sounded in breach of contract, breach of implied warranty, negligence,[1] and a statutory cause of action under Florida's Unfair and Deceptive Trade Practices Act.[2] Panorama answered and asserted various affirmative defenses, attaching a "Mutual Release Agreement" the parties executed on August 13, 2001, that it submitted precluded the Schornbergs' claims. Paragraph 2.2 of the Mutual Release Agreement is the focus of the motion for summary judgment, the final summary judgment, and this appeal. It provides the following:
Effective as of the Effective Date, Homeowner, on behalf of itself and its attorney, agents, transferees, successors and assigns, hereby releases and discharges Builder and its respective agents, attorneys, contractors, subcontractors, transferees, successors and assigns from any and all claims, losses, liabilities, actions, causes of action, damages, suits, demands, liens, interest, debits, contracts, obligations, costs and expenses, including, without limitation, attorneys' fees, of any nature whatsoever, known or unknown, suspected or unsuspected, existing at any time on or before the Effective Date, whether in tort or in contract, incurred by Homeowner arising from, relating to, or in any way connected with the Agreement or the home.
Paragraph 1 of the Mutual Release Agreement states that the mutual releases "shall be effective on the date of `Closing' as that term is further defined below." Paragraph 4 further provides that "Closing" occurs "on the date Bank One releases the final draw to Builder, as approved by Homeowner, in full payment of the Settlement stated above." During the subsequent pretrial discovery period, and in the relevant response to a request by Panorama for admissions, Mr. and Mrs. Schornberg admitted that "Closing" occurred "before August 31, 2001." They *245 also admitted that a certificate of occupancy was issued for the residence on July 19, 2000.
In its final summary judgment, the circuit court did not explain the basis for its ruling. Panorama had posited two bases in its motion for summary judgment: (1) all of the Schornbergs' claims were barred by the Mutual Release Agreement and (2) their warranty claim under the construction contract was barred because they did not file suit within one year of discovering the latent construction defects. Our disposition of this appeal relates to either basis.

Applicable Law
We review a final summary judgment de novo. Wells v. City of St. Petersburg, 958 So.2d 1076 (Fla. 2d DCA 2007). We require "`[t]he movant for summary judgment [to bear] the burden of demonstrating conclusively that the nonmoving party cannot prevail. If the record raises even the slightest doubt that an issue might exist, summary judgment is precluded.'" Pasco v. City of Oldsmar, 953 So.2d 766, 769 (Fla. 2d DCA 2007) (quoting Fatherly v. Cal. Fed. Bank, FSB, 703 So.2d 1101, 1102 (Fla. 2d DCA 1997)). "On appeal from a summary judgment, all facts and inferences are viewed in the light most favorable to the nonmoving party." Id. (citing Valk v. J.E.M. Distribs. of Tampa Bay, Inc., 700 So.2d 416, 419 (Fla. 2d DCA 1997)). "[A] summary judgment is proper only if there is no genuine issue of material fact. . . ." Wells, 958 So.2d at 1079 (citing Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So.2d 396, 398 (Fla. 2d DCA 2000)). We conclude the circuit court erred in entering the summary judgment in Panorama's favor because Panorama has not shown conclusively that there is no genuine issue of material fact or that the Schornbergs cannot prevail.

Analysis
Our conclusion that there exist genuine issues of material fact results from Panorama's failure to present undisputed evidence in two regards, both dealing with temporal issues.
First and foremost, the record does not conclusively establish the "effective date" of the Mutual Release Agreement. This is critical because without that date, Panorama cannot show that the Schornbergs' claims are barred because they were "of any nature whatsoever, known or unknown, suspected or unsuspected, existing at any time on or before the Effective Date." The only undisputed evidence the circuit court had before it, when considering the motion for summary judgment, was the construction contract, the Mutual Release Agreement, and the admissions of the Schornbergs. There were no depositions or sworn affidavits to provide other undisputed, material, factual evidence. The Mutual Release Agreement provides, in Paragraph 1, that the "effective date" is the date of "closing," defined in Paragraph 4 as the date the financing bank pays the final draw to Panorama. The actual date that the final draw was paid is nowhere in evidence. The Schornbergs admitted in their response to a request for admissions only that "closing" occurred "before August 31, 2001." This vague response does not determine an "effective date." Because this fact is material  indeed, critical  to any analysis of whether the counts for breach of contract, implied warranty, and unfair and deceptive trade practices are precluded by the Mutual Release Agreement, Panorama, as the movant, has not conclusively established that the Schornbergs cannot prevail.
The second temporal issue relates to when the mold and bacteria came into existence. There is no evidence whatsoever, undisputed or otherwise, of when the *246 mold and mildew came into existence. This shortfall in the evidence that Panorama put forth to support its motion for summary judgment impacts all counts of the complaint, but especially the count for negligence. The Schornbergs in their complaint state that they were advised in June 2003 that the water intrusion they had detected a month earlier had caused growth of mold and bacteria. However, the complaint is not evidence. Straub v. Village of Wellington, 941 So.2d 1269 (Fla. 4th DCA 2006) (stating that a complaint is not admissible to prove or disprove a fact in issue). Evidence that the mold and bacteria were or were not in existence at the moment of the "effective date" of the Mutual Release Agreement, i.e., when the cause of action for negligence accrued, is needed so the circuit court could properly determine whether the claim for damages was precluded by the language of the Mutual Release Agreement. "[A] cause of action is said to accrue when `the last element constituting the cause of action occurs.'" Maggio v. Dep't of Labor & Employment Sec., 910 So.2d 876, 878 (Fla. 2d DCA 2005) (quoting § 95.031, Fla. Stat. (2002)). Damages are an element of a cause of action for negligence. Monroe v. Sarasota County Sch. Bd., 746 So.2d 530, 531 (Fla. 2d DCA 1999) ("[W]e continue to hold, as a general rule, that bodily injury or property damage is an essential element of a cause of action in negligence.").
Either party, through the use of expert scientific testimony, may be able to establish the time of origin of the mold or bacteria. However, at this early stage of the proceedings and on this record, Panorama has not conclusively shown that the Schornbergs cannot prevail. See Fatherly, 703 So.2d at 1102 (holding that if the movant cannot "demonstrate conclusively" that the nonmovant cannot prevail, summary judgment is precluded).
We reverse the summary judgment and remand for further proceedings on all issues. We fully expect that other motions for summary judgment will likely be filed in the future, after further development of the facts of this case. At that time, the circuit court may be required to resolve as a matter of law whether the mutual release is a general release or if it is ambiguous as to the extent of its scope. We leave those questions to another day. See, e.g., Rosenberg v. Cape Coral Plumbing, Inc., 920 So.2d 61 (Fla. 2d DCA 2005) (holding that summary judgment was precluded because contract clause limiting liability was unclear); Hold v. Manzini, 736 So.2d 138, 141 (Fla. 3d DCA 1999) (holding that despite release language discharging defendant from claims "upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents," release did not bar any claims accruing after the date of execution); Floyd v. Homes Beautiful Constr. Co., 710 So.2d 177, 178, 179 (Fla. 1st DCA 1998) (noting that despite language releasing the defendant from "any claim or cause of action presently existing, whether known or unknown, including but not necessarily limited to the [1986 civil suit]," it was unclear whether the "presently existing" clause barred the action relating to a defect in existence at the time of execution of the release, but unknown to the parties, or whether the language related to causes of action fully accrued at the time of execution); see also, e.g., CMCB Enters., Inc. v. Ferguson, 114 P.3d 90, 96 (Colo.Ct.App. 2005) (explaining that "[a] general release is an instrument by which one party relinquishes all its claims against another for consideration"; but also stating that "[a] court is to construe a release to effectuate the manifest intention of the parties. Such construction rests on good sense and plain understanding of the words used and the acts directed to be performed."); Sherman *247 v. Am. Water Heater Co., Inc., 50 S.W.3d 455, 459 (Tenn.Ct.App.2001) (explaining that a general release is not restricted by its terms to particular claims or demands, but covers all claims between the parties "which are in existence and within their contemplation at the time it is executed").
Reversed and remanded for further proceedings.
VILLANTI, J., Concurs.
SILBERMAN, J., Concurs specially.
SILBERMAN, Judge, Specially concurring.
I do not join in that part of the majority opinion that addresses the effective date of the Mutual Release Agreement because the parties do not appear to be in disagreement as to the effective date. However, I concur that reversal is required based on the lack of evidence as to when the water intrusion occurred or began to occur and when the mold and bacteria came into existence. Because genuine issues of material fact remain in dispute, the trial court incorrectly entered summary judgment on the basis that the Schornberg's claim is barred by the Mutual Release Agreement.
NOTES
[1] As part of the negligence count, Mr. and Mrs. Schornberg asserted a personal injury claim on behalf of their minor daughter, LaShalle, who allegedly suffered allergic and upper respiratory reactions to the unsafe and unsanitary conditions created in the home by the bacteria and mold. This personal injury claim was not subject to Panorama's motion for or the circuit court's order of final summary judgment, and thus it is not part of this appeal.

We have jurisdiction because the final summary judgment totally disposes of an entire case as to any party. See Fla. R.App. P. 9.110(k).
[2] §§ 501.201-.213, Fla. Stat. (2004).