PALMER, J.
Gaynor Hill Enterprises, Inc., (Gaynor Hill) appeals the trial court’s order granting Kevin and Donna Allan’s motion for relief from judgment.[1] We reverse.
Kevin and Donna Allan owned Allan Enterprises, LLC, which owned Holmar Villas (Holmar), a property management business. Gaynor Hill purchased Holmar from Allan Enterprises, but soon after filed a lawsuit against Allan Enterprises and the Allans individually for rescission and damages, claiming that Holmar did not have the number of properties or profitability that had been represented. By that time, the Allans had relocated from Florida to the United Kingdom. Gaynor Hill served process on the Allans by substitute service on the Secretary of State, filed its attorney’s affidavit of substitute service, and then obtained a default final judgment against both Allan Enterprises and the Allans.
The Allans filed a motion seeking relief from the default judgment, arguing that it was entered without personal jurisdiction over them and was based on a defective affidavit of service. The trial court granted the motion, concluding that the statute allowing substitute service on the Secretary of State[2] did not apply because Gay- *935 nor Hill’s claims against the Allans did not arise out of business activity, but instead, sounded in contract and tort. Alternatively, the court concluded that Gaynor Hill was required to personally serve the Al-lans, rather than serving the Secretary of State, because they did not attempt to conceal their whereabouts or evade service. Also alternatively, the court concluded that the affidavit of service by Gaynor Hill’s attorney was actually an acknowledgment, not an affidavit, so it was not sufficient to support the entry of a default judgment. Gaynor Hill argues that all three rationales were erroneous, and we agree.[3]
. The standard of review of an order granting a motion for relief from judgment is generally gross abuse of discretion. See Schultz v. Time Warner Entm’t Co., 906 So.2d 297, 299-300 (Fla. 5th DCA 2005). However, pure issues of law within the order are reviewed de novo. Cf. Toler v. Bank of Am., Nat’l Ass’n, 78 So.3d 699, 701-02 (Fla. 4th DCA 2012) (“An order denying a motion for relief from judgment is reviewed for an abuse of discretion.... Questions of law, such as the interpretation of statutes, are reviewed de novo.”); Phenion Dev. Group, Inc. v. Love, 940 So.2d 1179, 1181 (Fla. 5th DCA 2006) (“Generally, we review a trial court’s decision on a rule 1.540(b) motion for abuse of discretion. However, when the underlying judgment is void, the trial court has no discretion, but is obligated to vacate the judgment.” (citation and quotation marks omitted)); Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (stating, in appeal of denial of rule 1.540 motion, “A ruling on personal jurisdiction should be reviewed de novo.”; also stating abuse of discretion standard).
First, the trial court erred in concluding that Gaynor Hill’s claims did not arise out of'business activity within the meaning of the substitute service statute. The substitute service statute provides, in relevant part:
48.181 Service on nonresident engaging in business in state
(1) The acceptance by ... any person who is a resident of the state and who subsequently becomes a nonresident of the state'... of the privilege extended by law ... to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons ... of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served.
§ 48.181(1), Fla. Stat. (2010) (emphasis added). Here, Gaynor Hill’s claims arose out of the sale of Holmar. Under the statute’s broad language, this sale was a “transaction or operation connected with or incidental to [a] business or business venture.” Therefore, substitute service was proper. Cf. State ex rel. Weber v. Register, 67 So.2d 619, 620 (Fla.1953) (holding that purchase of orange grove was a business venture under substitute service statute, and listing the grove with a real estate broker was a transaction connected with or incidental to the venture); Dans v. Gran Habana Rest. & Lounge, Inc., 244 So.2d 157 (Fla. 3d DCA 1971) (holding that signing of contract to purchase restaurant business was one of several activities that, taken together, amounted to engaging in a business venture).
Next, the trial court erred in concluding that substitute service on the Sec *936 retary of State was not effective, since Gaynor Hill was required to personally serve the Allans because they did not attempt to conceal their whereabouts or evade service. The issue of whether the Allans concealed their whereabouts or evaded service was irrelevant because the substitute service statute applies to a “resident of the state ... who subsequently becomes a nonresident,” regardless of whether that nonresident conceals his whereabouts or evades service. See § 48.181(1).
Finally, the trial court erred in concluding that the affidavit of substitute service of process by Gaynor Hill’s attorney was actually an acknowledgment, so it could not support the default judgment. The substitute service statute requires an affidavit from the plaintiff:
48.161 Method of substituted service on nonresident
[[Image here]]
[Substituted service of process on a nonresident ... by serving a public officer designated by law shall be made ... by mailing the copies by certified mail to the public officer.... Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant’s return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed....
§ 48.161(1) (emphasis added). “An affidavit is ... a statement in writing under an oath.... An oath is an unequivocal act, before an officer authorized to administer oaths, by which the person knowingly attests to the truth of a statement and assumes the obligations of an oath.” Crain v. State, 914 So.2d 1015, 1019 (Fla. 5th DCA 2005) (quotation marks and citation omitted). In contrast, an acknowledgment is “[a] formal declaration made ... by someone who signs a document and confirms that the signature is authentic.... An acknowledgment is a verification of the fact of execution, but is not a verification of the contents of the instrument execut-ed_” Black’s Law Dictionary, “acknowledgment” (9th ed.2009) (quotation marks omitted).
Confusion often arises between an affidavit and an acknowledgment. Both memorialize acts done before a notary. But, in an affidavit, ... the person swearing before the notary must under oath assert that the facts set forth in the document are true. In an acknowledgment, the person merely declares that he executed and signed the document.
Where an affidavit is called for, an acknowledgment will not suffice.
Pina v. Simon-Pina, 544 So.2d 1161, 1162 (Fla. 5th DCA 1989) (footnotes omitted).
Here, the document in question stated:

AFFIDAVIT ON SERVICE OF PROCESS

STATE OF FLORIDA
COUNTY OF OSCEOLA
BEFORE ME, the undersigned authority, on this day appeared [Gaynor Hill’s attorney], who being by me first duly sworn, says as follows:
Affiant, [Gaynor Hill’s attorney], says he is attorney for plaintiff in this action. Affiant mailed or caused a copy of the process and complaint in this action to be mailed to the Secretary of State of Florida....
[Further facts regarding substitute service.]
Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true.
[Attorney’s signature]

ACKNOWLEDGMENT

STATE OF FLORIDA
*937 COUNTY OF OSCEOLA
I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid, to take acknowledgments, personally appeared [Gaynor Hill’s attorney].
WITNESS my hand and official seal in the County and State last aforesaid this February 10, 2010.
[notary’s signature, seal, etc.]
Although the document was not a model of clarity, it sufficiently displayed the attributes of an affidavit: it was titled AFFIDAVIT ON SERVICE OF PROCESS; Gay-nor Hill’s attorney referred to himself as “Affiant,” and his statements were about the facts of service; and the attorney’s last paragraph stated, “Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true.”
The wording of the notary block is not sufficient to vitiate the document’s effectiveness as an affidavit. The notary block must be read in conjunction with the rest of the document. In the document’s first paragraph, the notary recited, “BEFORE ME, the undersigned authority, on this day appeared [Gaynor Hill’s attorney], who being by me first duly sworn, says as follows,” followed by the attorney’s factual statements. Moreover, the heading “ACKNOWLEDGMENT” cannot be viewed as characterizing what the attorney was doing in signing the document, because the heading appeared at the top of the notary block, not the top of the document itself. Thus, despite ambiguity within the notary block, the document taken as a whole was an affidavit.
Our conclusion is in accord with the principle that “minor technical defects in an affidavit do not render it a nullity.” Gupton v. Dep't of Highway Safety, 987 So.2d 787, 738 (Fla. 5th DCA 2008). Moreover, the Fourth District concluded similarly in Bell v. Renar Dev. Co., 811 So.2d 780 (Fla. 4th DCA 2002). There, a party challenging the validity of a purported affidavit argued that it was not properly sworn. The document stated:
FINAL CONTRACTOR’S AFFIDAVIT
BEFORE ME, the undersigned authority, this day personally appeared Renee Doss, who deposes and says: 1. Affiant is the Chairman of Renar Fine Homes (“Contractor”) and has personal knowledge of all facts hereinafter stated.
[[Image here]]
FURTHER AFFIANT SAITH NOT
[[Image here]]
[[Image here]]
The foregoing Instrument was acknowledged before me this 5 day of November 1999, by Renee M. Doss (name), Chairman (title), of Renar Dev., a_ (state) corporation, on behalf of the corporation. He/ (She) is personally known to me or has produced_ as identification and did (did not) take an oath.
Id. at 781. The Fourth District “recognize[d] that instead of stating that the affidavit was sworn to before the notary, the affidavit use[d] the term ‘acknowledged.’ ” Id. at 782. However, the court held that the document was sufficient to constitute an affidavit. The court reasoned, among other things, that the document was titled an “Affidavit” and referred to the signer as “affiant.” Id.
Accordingly, we reverse and remand for reinstatement of the default judgment.
REVERSED and REMANDED.
LAWSON and JACOBUS, JJ., concur.

. See Fla. R. Civ. P. 1.540(b)(4) (2011).

. See § 48.181(1), Fla. Stat. (2010).

. We reject without comment the Allans’ al-temative arguments for affirmance.