NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


LINDA CAGWIN,                               )
                                           )
            Appellant,                     )
                                           )
v.                                         )          Case No. 2D16-1698
                                           )
THRIFTY RENTS, INC.,                       )
                                           )
            Appellee.                      )
                                           )
_____   )

Opinion filed June 9, 2017.

Appeal from the Circuit Court for
Hillsborough County; Elizabeth G. Rice,
Judge.

Michael P. Fuino and Matthew D. Weidner
of Weidner Law, P.A., St. Petersburg, for
Appellant.

Erin M. Berger of Kelley Kronenberg,
Tampa, for Appellee.


CASANUEVA, Judge.

            Linda Cagwin appeals a final judgment of foreclosure entered in favor of

Thrifty Rents, Inc., on Thrifty Rents' motion for summary judgment.  We reverse and

remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Ms. Cagwin and Claude Miranda[1] executed a promissory note and mortgage in favor of Thrifty Rents. Thrifty Rents filed a foreclosure complaint on May 28, 2014, alleging that the loan was in default and all payments were due and owing since December 1, 2011. The borrowers filed an answer and affirmative defenses, including an allegation that payments had been made and the amount claimed as owed was incorrect.

Thrifty Rents filed a motion for summary judgment and affidavits in support of the summary judgment. Ms. Cagwin responded with an affidavit in opposition alleging, among other things, that she was entitled to a credit in the amount of $100,000 and that Thrifty Rents had failed to properly apply that credit. The trial court entered a uniform final judgment of foreclosure following a hearing on the motion for summary judgment. We have no transcript of the summary judgment hearing. Ms. Cagwin filed a motion for rehearing, which was denied without a hearing. For the reasons discussed below, we conclude that the trial court abused its discretion by denying Ms. Cagwin's motion for rehearing, and we reverse and remand for further proceedings.

## II. ANALYSIS

We review a ruling on summary judgment de novo. Gonzalez v. Deutsche Bank Nat'l Tr. Co., 95 So. 3d 251, 253 (Fla. 2d DCA 2012) (quoting Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1116-17 (Fla. 2d DCA 2011)). The movant must establish the absence of a genuine issue of material fact and must refute the affirmative

---

[1]Mr. Miranda has made no appearance in this appeal.

- 2 -

defenses or establish that they are legally insufficient. Id. We view every possible inference in favor of the nonmoving party. Id. "If the record reflects the existence of any genuine issue of material fact, or the possibility of an issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Coral v. Garrard Crane Serv., Inc., 62 So. 3d 1270, 1273 (Fla. 2d DCA 2011) (quoting Christian v. Overstreet Paving Co., 679 So. 2d 839, 840 (Fla. 2d DCA 1996)).

Thrifty Rents filed an affidavit in support of summary judgment identifying the amounts alleged to be due and owing. While Ms. Cagwin questions whether the affiant had sufficient knowledge to attest to the matters set forth in the affidavit, we cannot determine whether such a challenge was properly raised or addressed at the summary judgment hearing because we have no transcript. See Zarate v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 556, 557-58 (Fla. 3d DCA 2012) (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979)). Accordingly, we cannot say that the trial court erred in relying on the affidavit executed by Thrifty Rents' president.

In response to the motion for summary judgment, Ms. Cagwin filed a reply and objection to the motion, as well as an affidavit in opposition raising at least one issue of material fact. See Bair v. City of Clearwater, 196 So. 3d 577, 583 (Fla. 2d DCA 2016) (stating that once the movant establishes that there was no genuine issue of material fact, the burden shifts to the nonmovant to establish that a genuine issue of material fact does exist). She alleged that she transferred property to Thrifty Rents in 2011 in partial payment of the loan, she was entitled to a credit in the amount of $100,000 based on that transfer, and the amount was not properly applied, resulting in improper penalties and interest. A copy of the deed was attached to the affidavit.

While we have no transcript of the hearing, the parties seem to agree that the trial court rejected Ms. Cagwin's affidavit as deficient because it was acknowledged rather than sworn to. Nonetheless, Ms. Cagwin argues that she corrected this error with a properly sworn affidavit attached to her motion for rehearing.

The difference between "acknowledged" and "sworn to" is discussed in Pina v. Simon-Pina, 544 So. 2d 1161 (Fla. 5th DCA 1989).

> Confusion often arises between an affidavit and an acknowledgment. Both memorialize acts done before a notary. But, in an affidavit, . . . the person swearing before the notary must under oath assert that the facts set forth in the document are true. In an acknowledgment, the person merely declares that he executed and signed the document.
>
> Where an affidavit is called for, an acknowledgment will not suffice.

Id. at 1162 (footnotes omitted).

We note that the document in this case contains several attributes of an affidavit. The document was titled "Affidavit," it was made by Ms. Cagwin as "Affiant," and the introductory sentence states: "COMES NOW the undersigned Affiant who, after taking an oath, states . . . ." Several cases have found similar documents sufficient to constitute an affidavit despite the erroneous use of the term "acknowledged" rather than the proper "sworn to" in the signature block. See Gaynor Hill Enters., Inc. v. Allan Enters., LLC, 113 So. 3d 933, 937 (Fla. 5th DCA 2013) (concluding that "[t]he wording of the notary block [wa]s not sufficient to vitiate the document's effectiveness as an affidavit" when read in conjunction with the rest of the document); Bell v. Renar Dev. Co., 811 So. 2d 780, 782 (Fla. 4th DCA 2002) (concluding that contractor's affidavit was

sufficient for purposes of the statute where it was clearly intended as a final contractor's affidavit, despite use of the term "acknowledged" rather than "sworn").

However, as we have no transcript, we do not know what argument was presented to the trial court regarding the deficiency of the document presented as an affidavit. We do know, however, that Ms. Cagwin filed a motion for rehearing and attached a properly sworn affidavit alleging that the $100,000 credit was not properly applied.

In Fatherly v. California Federal Bank, FSB, 703 So. 2d 1101, 1102 (Fla. 2d DCA 1997), this court concluded that the trial court erred in granting summary judgment for two reasons. First, the court erred in granting summary judgment when the bank failed to conclusively disprove the assertion that the bank had not properly credited the borrower's payments, an allegation that was asserted as an affirmative defense. Id. Second, the court abused its discretion in denying the borrower's motion for rehearing. Id. The borrower's original counsel failed to submit an affidavit in opposition to summary judgment, but the borrower hired new counsel who filed a sworn motion for rehearing containing the borrower's allegations of disputed fact. Id.

This court noted that a trial court has broad discretion to grant a rehearing "when the party seeking rehearing submits matters that would have created an issue precluding summary judgment if they had been raised prior to the hearing on the motion." Id. Finding that the allegations in the sworn motion would have prevented summary judgment and may have even precluded foreclosure, this court concluded that the trial court abused its discretion in refusing to consider the sworn allegations on rehearing. Id. at 1103; see also Petrucci v. Brinson, 179 So. 3d 398, 401-02 (Fla. 1st

DCA 2015) (concluding that the trial court abused its discretion in denying defendant's motion for rehearing and not considering his affidavit in opposition to summary judgment, which presented a genuine issue of material fact).

### III. CONCLUSION

In this case, while the first affidavit was technically deficient, the affidavit attached to the motion for rehearing cured that deficiency and presented a dispute of material fact. We conclude that it was an abuse of discretion to deny the motion for rehearing and that summary judgment was improper in light of Ms. Cagwin's amended affidavit.[2] Accordingly, we reverse the final judgment and remand for further proceedings.

Reversed and remanded with directions.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[2]In light of this reversal, we decline to address Ms. Cagwin's remaining arguments.