# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-727
Lower Tribunal No. 17-22406 CC
_____

**Yurgal Pascal,**
Appellant,

vs.

**Broward Water Consultants, Inc., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Yurgal Pascal, in proper person.

Schneider Law Firm, P.A., and Leslie Mark Schneider (Fort Lauderdale), for appellee.

Before FERNANDEZ, C.J., and LOGUE and MILLER, JJ.

PER CURIAM.

Yurgal Pascal appeals the trial court's orders granting summary judgment in favor of Broward Water Consultants, Inc., and denying his motion to reconsider same. Because the record shows that there remains a dispute of material fact as to Broward Water's entitlement to judgment, we reverse both orders.

Broward Water brought this breach of contract claim against Mr. Pascal after he failed to pay for a home water filtration system. Broward Water moved for summary judgment submitting a contract for sale and an affidavit from its corporate representative stating that Mr. Pascal did not pay for the system. In his submission entitled "Affidavit of Claim," Mr. Pascal, who appeared pro se at the trial court and in these appellate proceedings, claimed that while he had originally contracted to purchase the system, and it was delivered, he exercised his right to cancel the contract within three days of sale and Broward Water retrieved the system from his home. This right to cancel exists on the face of the contract and Mr. Pascal submitted text messages showing his cancellation within three days of the contract date.

On three occasions, the trial court attempted to hold a hearing on Broward Water's motion for summary judgment. On all three occasions, Mr. Pascal filed a last-minute motion for continuance. At the time scheduled for

the third hearing, and when Mr. Pascal did not appear, the trial court denied the motion to continue and ultimately granted summary judgment in favor of Broward Water.

Mr. Pascal moved for rehearing within ten days of the order granting summary judgment. In his motion, Mr. Pascal again admits that he contracted for the sale of the system, however, he exercised his right to cancellation. The trial court denied the motion after a hearing.

Because the order on summary judgment was issued before the change in Florida Rule of Civil Procedure 1.510, we are compelled to apply our holding in AC Holdings 2006, Inc. v. McCarty, 985 So. 2d 1123, 1126 (Fla. 3d DCA 2008), that in circumstances in which a clear issue precluding summary judgment is brought on rehearing, the trial court abuses its discretion in failing to order rehearing. See also McGowan v. Miami–Dade County, 724 So. 2d 683, 684 (Fla. 3d DCA 1999) (reversing summary judgment where the record, including the affidavits submitted on rehearing, established the existence of a material factual issue).

In his motion for rehearing, Mr. Pascal references evidence submitted by affidavit prior to the summary judgment hearing that he exercised his right to cancel, which was presented on the face of the contract for sale. This adequately established a fact issue that precluded summary judgment.

3

Under our previous precedent, the trial court's failure to order rehearing in this instance was an abuse of discretion. We therefore reverse both orders on appeal, and remand to the trial court for further proceedings.

Reversed.