DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARC SAVOY** and **ROSE HELLER SAVOY,**
Appellants,

v.

**AMERICAN PLATINUM PROPERTY & CASUALTY INSURANCE,**
Appellee.

No. 4D22-411

[June 21, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2019-CA-013557-XXXX-MB.

Charles H. Bechert, III, of Bechert & Associates, P.A., Pompano Beach, for appellants.

Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for appellee.

CONNER, J.

The appellant homeowners appeal a final summary judgment in favor of the appellee, their homeowners' insurance company. The homeowners argue the trial court erred in: (1) finding the insurer was not required to show prejudice where the homeowners breached a condition precedent to suit; (2) considering the affidavit of the insurer's corporate representative as summary judgment evidence; and (3) granting summary judgment when a factual dispute existed as to whether the homeowners were aware the insurer had requested a sworn proof of loss. Based on the language in the policy and the caselaw, the insurer properly concedes error as to the first issue raised. Finding merit in the homeowners' argument for reversal as to the second issue (the corporate representative's insufficient affidavit), we reverse and remand for further proceedings. By reversing on the first two issues, we do not reach the third issue.

*Background*

In 2017, the insurer issued a homeowners' insurance policy to the homeowners. The same year, the homeowners sustained property damage

during Hurricane Irma and sought recovery under the policy. The homeowners retained a public adjuster to assist with their claim.

In September 2017, the public adjuster reported the homeowners' claim to the insurer and emailed its representation letter to the insurer, advising it had a new office address in Fort Myers, Florida, and a new post office box address in LaBelle, Florida. The insurer sent a letter to the homeowners at the property address two days later, acknowledging receipt of the claim and advising the homeowners of their duties after loss, including making repair and keeping accurate records.

The insurer completed an inspection of the property in October 2017.

In December 2017, the insurer sent a document request letter to the public adjuster at its old address. The letter requested the public adjuster's compliance with policy conditions, including a "signed, sworn Proof of Loss." Less than two weeks later, the insurer's field adjuster emailed the public adjuster, memorializing an earlier phone conversation and requesting that the public adjuster either "submit an estimate of repairs" or withdraw the claim.

A short time later, the field adjuster emailed the public adjuster again and repeated his request. The public adjuster replied the next day and advised that he would be writing an estimate in early January 2018.

The insurer sent a formal letter to the homeowners at the property address on December 20, 2017. The letter advised that the insurer had still not received a sworn proof of loss or any repair receipts and requested documentation in compliance with the policy's post-loss conditions. Having still not received any documentation, the insurer sent another letter to the homeowners at the property address on December 28, 2017. Additionally, the December 28 letter was emailed to the homeowners and the public adjuster. The letter further advised that, based on the field adjuster's estimate, the homeowners' damages were well below the policy deductible. Thus, the insurer concluded that although the policy covered the homeowners' claimed damages, they were not entitled to recovery.

The homeowners sued the insurer for breach of contract for failing to make payment under the policy. The insurer raised the homeowners' failure to provide a sworn proof of loss in compliance with their duties under the policy as an affirmative defense. The insurer also alleged it was prejudiced in its ability to fully investigate the alleged loss due to the lack of a sworn proof of loss. The homeowners did not reply or otherwise object to the insurer's affirmative defense.

The insurer moved for summary judgment based on the homeowners' failure to provide a sworn proof of loss. Specifically, the insurer argued the homeowners' failure to satisfy their post-loss contractual obligation to submit a sworn proof of loss prior to instituting the lawsuit presumptively prejudiced the insurer as a matter of law. Notably, the insurer did not argue actual prejudice. Instead, the insurer also argued that, based on the pre-suit policy requirements, "[i]f the insured did not provide a proof of loss, that is the end of the analysis and the insured may not recover."[1]

In support of its motion, the insurer filed an affidavit from one of its corporate representatives. In his affidavit, the corporate representative made conclusory statements as to the elements of the business records exception to the hearsay rule:

> I am the person with knowledge of this matter and records maintained by [the insurer]. The records of acts or events contained in [the insurer's] claim file regarding this matter and business records of [the insurer] are made at or near the time of the occurrence by, or from information transmitted by a person with knowledge and kept regularly as a normal business activity. It is the regular practice of [the insurer] to make such memorandum, report, record, or data compilation. Based upon the business records of [the insurer], I state the following statements of facts.

Additionally, he stated his knowledge was "based upon my review of [the insurer's] file" and that he was "serving as Corporate Representative in these actions for [the insurer]." He did not provide any further basis for his knowledge or indicate his employment. The affidavit made numerous factual statements about the sequence of events surrounding the claim. Attached to the affidavit were many of the relevant communications between the insurer, the public adjuster, and the homeowners, including the December 2017 emails between the insurer's field adjuster and the public adjuster.

The homeowners' written opposition to the summary judgment motion argued the policy specifically required the insurer to show prejudice, and their alleged noncompliance with any policy provisions was a question of fact. The homeowners also argued the trial court should disregard the corporate representative's affidavit because it was not properly verified or

---

[1] To the extent the trial court agreed with this argument in granting summary judgment, the insurer concedes error on appeal.

3

sworn and did not lay sufficient facts to satisfy the requirements of the business records exception.

In support of their opposition, the homeowners attached the deposition transcripts of the field adjuster and the corporate representative. The homeowners also filed a demonstrative aid responding to each of the insurer's asserted undisputed facts. As to the public adjuster's December 2017 emails with the field adjuster, the homeowners cited the field adjuster's testimony that he had no recollection of the exchange. The homeowners also argued the public adjuster's response about sending an estimate in January had "no material bearing on the issues in this case." Further, the homeowners moved to strike the corporate representative's affidavit and attachments.

The trial court heard the motions to strike and for summary judgment at the same time. At the hearing, the insurer pointed to its communications with the public adjuster and the homeowners as proof it sufficiently requested the proof of loss. The insurer also argued the corporate representative's affidavit was sufficient under the business records exception because he was the corporate representative, and therefore had personal knowledge of the insurer's recordkeeping.

The homeowners argued the corporate representative's affidavit failed under the business records exception and he lacked personal knowledge of the insurer's recordkeeping protocols. The trial court questioned whether personal knowledge was even required, as the corporate representative's statements in the affidavit did not go beyond the documents, which spoke for themselves. The homeowners countered that the corporate representative made multiple statements as to whether and how the various letters were sent, without referring to anything as proof. Additionally, the homeowners argued the corporate representative was not an employee and had not indicated any basis for his personal knowledge. Finally, the homeowners noted the field adjuster had been unable to authenticate his own emails during his deposition.

Pertinent to the issues on appeal which we discuss, the trial court orally granted summary judgment, stating that the corporate representative was "an individual with knowledge as to the records and how the [insurer] kept records is sufficient to allow the introduction of the attachments to the affidavit"; "the records themselves that he introduces through that affidavit really speak for themselves"; and "his affidavit doesn't do anything more than regurgitate exactly what's in the records." Thereafter, the trial court entered its final summary judgment, and the homeowners gave notice of appeal.

4

*Appellate Analysis*

As mentioned above, the insurer properly concedes the trial court erred in finding the insurer was not required to show prejudice where the homeowners breached a condition precedent to suit, despite policy language to the contrary. *Godfrey v. People's Tr. Ins. Co.*, 338 So. 3d 908, 909 (Fla. 4th DCA 2022). We agree with this concession and reverse on this basis.

We also find error in the trial court's reliance on a deficient affidavit in granting final summary judgment in favor of the insurer. The homeowners raise two arguments challenging the trial court's consideration of the corporate representative's affidavit: (1) whether it was sufficiently sworn; and (2) whether it satisfied the business records exception. We affirm as to the first argument without further discussion. *See Bell v. Renar Dev. Co.*, 811 So. 2d 780, 782 (Fla. 4th DCA 2002) (deeming an affidavit sufficiently notarized where notary's oversight used the word "acknowledged" but circumstances showed the document was clearly intended as a final contractor's affidavit). We agree, however, with the homeowners on the second argument.

The corporate representative's affidavit was significant because it introduced the December 2017 emails between the field adjuster and the public adjuster. The affidavit also affirmed that the insurer actually sent various communications. Without this evidence, it is unlikely the insurer would have been entitled to summary judgment.

The homeowners argue the trial court erred when it ruled the insurer's designated corporate representative was competent to authenticate the company's file materials and identify them as records kept in the ordinary course of business. The insurer counters that the corporate representative was not required to possess any personal knowledge because he was the corporate representative. We agree with the homeowners.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fla. R. Civ. P. 1.510(c)(4). "When a supporting summary judgment affidavit fails to establish its basis in the affiant's personal knowledge, the affidavit should be found legally insufficient to support the entry of summary judgment in favor of the moving party." *Gromann v. Avatar Prop. & Cas. Ins. Co.*, 345 So. 3d 298, 300 (Fla. 4th DCA 2022). This is true regardless of whether

the witness is a corporate representative. *See id.* (applying the personal knowledge standard to corporate representative affidavit); *Huertas v. Avatar Prop. & Cas. Ins. Co.*, 333 So. 3d 767, 771 (Fla. 4th DCA 2022) (same). In other words, corporate representative affidavits in support of summary judgment are not excepted from the personal knowledge requirement.

The insurer argues to the contrary, citing our opinion in *Carriage Hills Condominium, Inc. v. JBH Roofing & Constructors, Inc.*, 109 So. 3d 329 (Fla. 4th DCA 2013). *Carriage Hills* holds that corporate representatives need not possess personal knowledge to testify "about matters known or reasonably available to the organization." *Id.* at 334. But that case does not address such testimony in the context of summary judgment affidavits. Indeed, we recently rejected a similar argument, holding that "in light of the extensive case law prohibiting the entry of summary judgment predicated on affidavits lacking any personal knowledge, we find that *Carriage Hills* is not relevant here." *Gromann,* 345 So. 3d at 301.

This is consistent with *Rodriguez v. Avatar Property & Casualty Insurance Co.*, 290 So. 3d 560 (Fla. 2d DCA 2020), on which the homeowners rely as a factually similar case. In *Rodriguez,* the insurer submitted a corporate representative affidavit in support of its summary judgment motion. *Id.* at 563. But the "affidavit state[d] only that [the affiant was] 'a duly authorized corporate representative' . . . [and] d[id] not identify her title or specify her corporate duties. Nor d[id] the affidavit state that it [wa]s made based on personal knowledge. If the affiant possesse[d] relevant skill sets or experience, that, too, [wa]s omitted." *Id.* On those facts, the Second District concluded the affidavit did not demonstrate personal knowledge, competency, or admissible facts for purposes of summary judgment evidence. *Id.*

Although the homeowners do not cite our opinions in *Gromann* and *Huertas,* those opinions are similar to *Rodriguez.* In *Gromann,* the insurer submitted its corporate representative's affidavit in support of summary judgment. 345 So. 3d at 301. But the affidavit did not make any claim that it was "made on personal knowledge," much less "show that the affiant . . . [was] competent to testify on the matters stated." *Id.* at 301 (quoting Fla. R. Civ. P. 1.510(c)(4)). Citing *Rodriguez,* we held the affidavit could not be used to support summary judgment. *Id.*

Likewise, in *Huertas,* we considered an insurer's corporate representative's affidavit. 333 So. 3d at 770. We held that "[t]he author of the affidavit . . . failed to declare the source of the information presented therein. Instead, Insurer merely attached four unsworn, unauthenticated

6

documents." *Id.* at 771. Citing *Rodriguez*, we held the affidavit was insufficient to support summary judgment. *Id.* at 771-72.

Here, as in *Rodriguez*, *Gromann*, and *Huertas*, the affiant provided no basis for the affiant's personal knowledge or competency. The corporate representative simply stated his knowledge was "based upon my review of [the insurer's] file" and he was "serving as Corporate Representative in these actions for [the insurer]." He did not provide any further basis for his knowledge, much less indicate any employment, training, or experience that might provide him with personal knowledge of the insurer's recordkeeping practices. He did not even claim any personal knowledge of these practices (apart from a conclusory restating of the elements of the business records exception).

Furthermore, the corporate representative's statements that various letters were mailed required additional proof. The mere fact that a letter was drafted "is not enough to allow a trial court to infer that the letter was mailed." *Mace v. M&T Bank*, 292 So. 3d 1215, 1219 (Fla. 2d DCA 2020). Instead, a witness generally must: (1) have personal knowledge of the mailing, (2) provide evidence of routine mailing practices, or (3) provide records of the mailing, such as a log or return receipt. *Id.* at 1219-20. The corporate representative's affidavit in this case did not come close to providing such evidence.

The corporate representative therefore failed to demonstrate his affidavit was "made on personal knowledge, set out facts that would be admissible in evidence, and show[ed] . . . [his] competen[cy] to testify on the matters stated" regarding the business record exception. Fla. R. Civ. P. 1.510(c)(4). Accordingly, the trial court should have disregarded the affidavit and the attached documents. *See, e.g., Roberts v. Direct Gen. Ins. Co.*, 337 So. 3d 889, 891 (Fla. 2d DCA 2022) ("[T]he business-records exception . . . does not authorize hearsay testimony concerning the contents of business records which have not been admitted into evidence." (quoting *Thompson v. State*, 705 So. 2d 1046, 1048 (Fla. 4th DCA 1998))).

*Conclusion*

The insurer concedes on appeal that the trial court erred in ruling the insurer did not need to demonstrate actual prejudice caused by the homeowners' failure to provide a sworn proof of loss. Upon review of the record, we have also determined the trial court relied on a deficient affidavit in granting final summary judgment in favor of the insurer. For these reasons, we reverse and remand for further proceedings. Because

we are reversing on the homeowners' first two issues on appeal, we do not address the homeowners' third issue on appeal.

*Reversed and remanded for further proceedings.*

WARNER and DAMOORGIAN, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**